## HIRSCHMAN v. DRY–DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

**1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—STREET RAILWAY.**
　　Where one places himself in a position of peril to rescue another, who is in serious danger, in order to make applicable the rule that such action is not contributory negligence it must appear that the party against whom recovery is sought for resulting injuries was guilty of negligence by reason of which the person was in peril.

**2. SAME.**
　　Where a child ran upon a street-car track unexpectedly, and so close to the rapidly approaching car that the driver had no opportunity to take any steps to stop the car or to save the child from injury, the company cannot be charged with negligence.

Appeal from trial term, New York county.

Action by Mina Hirschman against the Dry-Dock, East Broadway & Battery Railroad Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Max Cohen, for appellant.

Alfred Lauterbach, for respondent.

RUMSEY, J. On the 23d day of June, 1894, on Clinton street, in the city of New York, the plaintiff was run over by a horse car of the defendant, and received, as she claims, serious injuries, for which she brings this action to recover damages. At the trial her complaint was dismissed at the close of her case, and she takes this appeal from the judgment entered upon the dismissal.

The complaint was dismissed upon the grounds—First, that the

plaintiff was guilty of contributory negligence; and, second, that the defendant was not guilty of any negligence. On the afternoon above stated, the plaintiff was sitting on the stoop in front of her house, with her little child, between 2 and 3 years of age, at her side. As the horse car from which she received her injuries approached at a rapid rate, the child ran away from its mother, and upon the track in front of the car. The mother ran after it, and, apparently being unable to reach the child, seized the horses by their heads, and attempted to stop them. In this attempt she was unsuccessful, and thrown down, and she says was seriously hurt. It is fair to say, from the testimony, that the child was in imminent danger of death when she went to its rescue. The plaintiff insists that this brings this case within Eckert v. Railroad Co., 43 N. Y. 502, where it is held that it is not contributory negligence for a person to put himself in a place of peril for the purpose of rescuing another who is in serious danger of injury because of the negligence of the defendant. Linnehan v. Sampson, 126 Mass. 506. That rule is well established in the jurisprudence of this state, and undoubtedly, so far as the question of contributory negligence is concerned, the plaintiff brought herself within it, and she would have been entitled to go to the jury upon that question, if there had been any evidence from which the jury might have found that the defendant was guilty of negligence by reason of which her child was in peril. But we have searched the case carefully to find any evidence which might have warranted the jury in concluding that the driver of the car was guilty of any negligence, and find none. The only inference to be drawn from the evidence was that the child ran upon the track unexpectedly, and so close to the rapidly approaching car that the driver had no opportunity to take any steps to stop the car or to save the little one from injury.

No negligence can be predicated from these facts, and for that reason the judgment dismissing the complaint was correct, and must be affirmed, with costs. All concur.