N. Y. 715, 49 N. E. 326; New v. Village of New Rochelle, 158 N. Y. 41, 52 N. E. 647. I think, too, that the entire judgment should be reversed, as it is not clear that the plaintiff could not possibly recover. Iselin v. Starin, 144 N. Y. 453, 460, 39 N. E. 488. Even an improbability of recovery is not sufficient. Heller v. Cohen, 154 N. Y. 299, 305, 48 N. E. 527.

The judgment should be reversed, and a new trial be granted, costs to abide the event. All concur.

(89 App. Div. 389.)

MUHS v. FIRE INS. SALVAGE CORPS OF BROOKLYN, LONG ISLAND.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SALVAGE CORPS—NEGLIGENCE—LIABILITY.
    A fire insurance salvage corps is not absolved from liability for negligence in driving a patrol wagon through the street, resulting in an injury, by Laws 1895, p. 2064, c. 1016, § 2, giving it the right of way in the streets.
2. SAME—EVIDENCE.
    Evidence *held* sufficient to sustain a finding that the drivers of a fire patrol wagon were negligent in driving it through the streets and causing an injury.
3. SAME—CONTRIBUTORY NEGLIGENCE—ATTEMPT TO SAVE ANOTHER.
    A policeman's attempt to save a woman and child from injury by a fire patrol wagon being driven through the street, whereby he was injured, was not contributory negligence as a matter of law, it being his duty to make the attempt.

Appeal from Trial Term, Kings County.

Action by Frederick Muhs against the Fire Insurance Salvage Corps of Brooklyn, Long Island. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William J. Kelly, for appellant.
Martin P. Lynch, for respondent.

HIRSCHBERG, J. Like many, if not most, of the actions brought to recover damages for personal injuries resulting from negligence, this case presents two irreconcilably conflicting stories.

The plaintiff, a police officer, on duty at the time at the corner of Washington street and Myrtle avenue, in the borough of Brooklyn, was knocked down, run over, and injured at 7 o'clock in the evening of August 13, 1901, by a fire patrol wagon of the defendant on its way to a fire. According to his version of the occurrence, a lady was standing with a little child on the crosswalk, apparently dazed by the noise, confusion, and turmoil incident to the alarm, and he, after hallooing to them without effect, ran to them and pushed them out of danger, but was immediately struck himself. He is corroborated by three witnesses, who are apparently disinterested. On behalf of the

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1515.

defendant, however, a great number of witnesses testified that there was no woman or child in jeopardy at all, but that the plaintiff stood upon the crosswalk with his back toward the defendant's wagon, beckoning with his club to the driver of the wagon to come on, and that he was struck and injured because he not only failed to get out of the way, but actually backed in front of the horses. The witnesses all agree that the wagon was driven as fast as the horses could gallop, and that no attempt was made to slacken their speed until the collision was imminent. The case was submitted to the jury in a careful and accurate charge, and the verdict must be deemed to establish the issue of fact in the plaintiff's favor.

The defendant is not absolved from liability for negligence merely because, by the terms of the act incorporating it (section 2, c. 1016, p. 2064, Laws 1895), it is given "the right of way in the streets of Brooklyn." Such right of way is necessarily subject to the preservation of the safety of those who may be lawfully upon the streets at the time of a fire, and, while the emergency under which the defendant's servants are called upon to act undoubtedly justifies speed in driving to the scene of disaster, such speed must be exerted with reasonable care and a due regard to the lives and limbs of those who may be met upon the way. In the eagerness to save property, the value of human life is sometimes lost sight of. The evidence indicated that there was no difficulty in seeing the plaintiff on the evening of the occurrence complained of, and is sufficient to justify the jury in concluding that the defendant's servants were negligent in the manner in which the horses were driven upon the occasion in question. It was the plaintiff's duty to endeavor to save the woman and child, and the consequent exposure of himself to danger in so doing was not contributory negligence as matter of law. Eckert v. The Long Island Railroad Co., 43 N. Y. 502, 3 Am. Rep. 721; Spooner v. D. L. & W. R. R. Co., 115 N. Y. 22, 21 N. E. 696; Williams v. U. S. Mut. Accident Ass'n, 82 Hun, 268, 31 N. Y. Supp. 343; Hirschman v. Dry Dock, East Broadway & Battery Railroad Co., 46 App. Div. 621, 61 N. Y. Supp. 304; Manthey v. Rauenbuchler, 71 App. Div. 173, 75 N. Y. Supp. 714.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.