CATHERINE E. VAN INGEN, Plaintiff, *v.* THE JEWISH HOSPITAL OF BROOKLYN, Defendant.

(Supreme Court, Kings Trial Term, April, 1917.)

Negligence — liability of hospital — automobiles — pleading — verdict — municipal corporations — when motion to dismiss complaint denied.

The defendant maintains a hospital in which the poor are treated without charge and others, who can, are required to pay. Plaintiff, who was neither a patient nor a beneficiary of defendant, was injured while riding in an automobile which was run into by an ambulance belonging to defendant in charge of its chauffeur. *Held,* that defendant was liable, though at the time of the accident the ambulance was responding to a call sent in by the police department, for which service defendant received pay from the city.

Motions to dismiss the complaint and for the direction of a verdict in favor of defendant, on which decision was reserved, denied, and a general verdict for plaintiff directed on special verdict of the jury.

Supreme Court, April, 1917. [Vol. 99.

ACTION for negligence.

Caldwell & Holmes (Frank W. Holmes, of counsel), for plaintiff.

Amos H. Stephens (Benjamin C. Loder, of counsel), for defendant.

CROPSEY, J. The plaintiff was injured while riding in an automobile on a public highway. This machine was run into by an ambulance belonging to the defendant and in charge of its servant. The plaintiff has had a verdict, the jury finding that the negligence of the defendant's servant, in charge of the ambulance, was the cause of the collision. The verdict is amply supported by the proof and is proper, unless the defendant is immune from liability. That question arises on motions made to dismiss the complaint or direct a verdict for the defendant, decision on which was reserved.

The claim of the defendant to exemption from liability is two-fold: 1. Because it is a charitable corporation; and 2, because at the time of the accident it was performing a governmental duty for the city of New York. The defendant is a charitable organization, maintaining a hospital in which the poor are treated without charge and in which those who can afford it are required to pay, and also owning and operating two ambulances. These are in charge of its employees and are used for its purposes and also to respond to city calls, given through the police department under an arrangement by which the defendant receives $3,000 a year from the city for doing that work. At the time of the accident the ambulance was responding to a call sent in by the police department.

The defendant cites *Noble* v. *Hahnemann Hospital,*

112 App. Div. 663, as authority for both its claims, and it is a fact that the opinion in that case does discuss both questions and does say that the defendant is not liable because it is a charitable corporation and because it was engaged in governmental work.  The decision seems to have gone upon the first ground, the court saying (p. 665): " The defendant being a benevolent institution and no financial benefit accruing to its directors or managers, we think the doctrine of *respondeat superior* does not apply." After having thus decided the case, the opinion continues on to say that the defendant was performing an act for the city, of a governmental character, and hence was not liable.  The first ground stated in the opinion has been held repeatedly not to be the law, and the second ground we submit is equally unsound.

That a charitable corporation is liable in this state for the negligence of its servants is no longer open to question.  The only exception is in the case of beneficiaries or patients.  *Kellogg* v. *Church Charity Foundation,* 128 App. Div. 214, 215, 218 and cases cited; *Schloendorff* v. *New York Hospital,* 211 N. Y. 125.  In the case of beneficiaries it is held that they are deemed to have waived any claim by accepting the benefit of the charity, even though they were not voluntary recipients of it.  And this rule has been carried so far as to hold that a criminal, sentenced under the law to an institution not maintained by the municipality, cannot recover for injuries sustained while there, caused by the negligence of its employees.  *Corbett* v. *St. Vincent's Industrial School,* 79 App. Div. 334; affd., 177 N. Y. 16.  As to outsiders, its liability is the same as that of any other person or corporation.  *Hordern* v. *Salvation Army,* 199 N. Y. 233; *Kellogg* v. *Church Charity Foundation,* 203 id. 191.

42

Supreme Court, April, 1917. [Vol. 99.

The plaintiff herein was not a patient or beneficiary of the defendant, so the latter cannot escape liability because it is a charitable body. Whether defendant is immune when engaged in a governmental work is a different question, and yet the principle underlying both questions is much the same. And that is whether the rule *respondeat superior* applies. In the case of a beneficiary that rule applies, but a recovery is denied on the theory of a waiver by the patient. If the rule also applies when the work being done is governmental in its nature, then the defendant is liable. Why should it not apply? The fact that charitable institutions are relieved from liability to free patients, only on the theory of waiver of claim and not because the rule *respondeat superior* does not apply, would seem to show that even where such corporations are engaged in governmental work that rule applies. Caring for a charity patient in a hospital is doing governmental work, just as much as operating an ambulance to bring him there. As there would be a liability to such a patient but for his waiver, and as there is no waiver in the case of a stranger, there must be a liability to them for the negligent acts of the corporation's servants.

There is no authority in this state determining this question, unless the language in *Noble* v. *Hahnemann Hospital,* 112 App. Div. 665, 666, which seems to be *obiter,* be deemed such. That language is (p. 666): "The defendant is the agent or representative of the city, and the same principle which gives freedom from liability to the city is also effective to exonerate the hospital corporation." But is this sound? Does that statement correctly state the law?

Municipalities are held to be immune from liability for the negligence of their servants only when they are engaged in the performance of some governmental

work, and then only for one of two reasons, either that the act done was *ultra vires,* or that the employee doing it was not the servant of the municipality, and so the doctrine of *respondeat superior* did not apply. Dillon Mun. Corp. (5th ed.) §§ 1655–1664; *Maximilian v. City of New York,* 62 N. Y. 160; *Lefrois* v. *County of Monroe,* 162 id. 563. The exemption under the latter ground is not based merely upon the nature and character of the work being done. If it were, the person actually doing it would be immune; but that is not so. While a municipality is not liable for the negligent acts of a member of its police or fire departments, although committed in the performance of his duty (*Smith* v. *City of Rochester,* 76 N. Y. 506, 513; *Gaetjens* v. *City of New York,* 132 App. Div. 394; *Mayor, etc., of City N. Y.* v. *Workman,* 67 Fed. Rep. 347; *Woodhull* v. *City of New York,* 150 N. Y. 450; *Wilcox* v. *City of Rochester,* 190 id. 137), the policeman or fireman in question is personally liable. *Morse* v. *Sweenie,* 15 Ill. App. 486; *Nowell* v. *Wright,* 3 Allen, 166; *Butterfield* v. *City of Boston,* 148 Mass. 544, 546. The rule is correctly stated in *Moynihan* v. *Todd,* 188 Mass. 301, 305: "For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged."

This principle is involved in the cases dealing with the liability for a dangerous condition of the highway in a town. Formerly a town was not liable for the condition of its highways (*People ex rel. Van Keuren* v. *Town Auditors,* 74 N. Y. 310), but the highway commissioners were liable when funds were available. *Hover* v. *Barkhoof,* 44 N. Y. 113; *Bennett* v. *Whitney,* 94 id. 302, 306. A statute was then passed making towns liable, and that was upheld (*Flansburg* v. *Town*

*of Elbridge,* 205 N. Y. 423), but the highway commissioners also are liable for their neglect. *Campbell* v. *Powers,* 155 App. Div. 862; *Monk* v. *Town of New Utrecht,* 104 N. Y. 552, 557.

So, regardless of the work in which he was engaged at the time, it is clear that the defendant's chauffeur in charge of its ambulance would be personally liable for his negligent act which injured the plaintiff.

The exemption from liability of a municipality for acts which are not *ultra vires* is based on the proposition that the rule *respondeat superior* does not apply to acts of its employees done in carrying out the obligations of the state at large in the performance of its governmental functions, that in the doing of that work the employees are not the servants of the municipality but of the people or the public generally and are not performing any services for it *Maximilian* v. *Mayor,* 62 N. Y. 160. The fact that such service is not for the benefit of the municipality and that the latter realizes no profit from it is also mentioned.

These reasons do not apply to an individual or corporation doing governmental work. If they did, they should apply equally whether the services were rendered at the request of the municipality or voluntarily assumed without such request. And then it would follow that an individual would not be liable for his servant's negligence, if the servant was performing for him an act of charity. But this is not the law. The reverse is true and the employer would be liable in the case assumed. *Kellogg* v. *Church Charity Foundation,* 128 App. Div. 214, 217. The servant of an individual or corporation, charitable or otherwise, is not an employee of the public merely because he is performing for his master some governmental function. He is the servant of his employer while doing that work, just the same as he is while doing other work.

His employer has the right to direct and control him, to discharge him and to hire another in his place. Every element of the relationship of master and servant exists between them. To hold that it does not would be contrary to the fact and would be arbitrarily making fiction take its place.

The defendant's contention would lead to this anomalous result: if an individual were doing the work here in question for the municipality, he would be liable if he personally operated the ambulance in a negligent manner, but not if he hired some one to operate it for him. A person is liable for his personal act of negligence, as the authorities previously cited show, even though it be committed in the performance of a governmental function. And it is inconsistent to hold that he is liable for his own negligent act and is not liable for the similar act of his servant, committed in doing his work under his direction. He should be equally liable for both. This situation can never arise in the case of a municipality, for it can act only through its employees.

This rule, *respondeat superior,* does apply in all cases except those in which a branch of the government is engaged in performing a purely public service which is imposed upon the people generally. There is no reason for extending the exemption from liability. And this is especially true when, as here, the concern doing the work for the municipality is paid for it. The defendant receives $3,000 a year from the city for answering such ambulance calls as are sent to it, the ambulance being used also for the private purposes of the defendant.

Where this question has arisen outside this state, it has been held that the employer of the person whose negligence caused the accident was liable, notwithstanding the act was committed in the performance

of a governmental function. Cases involving the operation of charity ambulances, under circumstances similar to those in this case, hold that the defendant is liable. *O'Connell* v. *Merchants & P. Dist. Tel. Co.,* 167 Ky. 468; *Green* v. *Eden,* 24 Ind. App. 583. The distinction between suing the city for the negligence of one of its employees, and a private corporation with whom the city has made a contract to care for some of its property, for the negligence of its servants, is pointed out in *Gartland* v. *New York Zoological Society,* 135 App. Div. 163, 171. There it was held that the defendant was liable for the negligent act of its employee in the management of the Aquarium in New York city, it having contracted with the city to care for that building. The powers of the defendant in the cited case, to employ help, are set forth and their scope is noted. But they are no broader than the powers of the defendant in the instant case, for those are absolute. As the court there aptly said (p. 171): '' No public officer in the city of New York has any such power as that over his subordinates. Such freedom of action is now reserved solely to private employers.'' There the defendant claimed exemption under the authorities holding the city not to be liable, but the court said (p. 171): '' We find no authority to sustain the claims of the appellant and we think there is every reason why we should reject them. It controls parts of the city property upon which it states it receives millions of visitors every year. Its control over such property and buildings, the appointment, direction and discharge of its employees is absolute. With this power it should realize its responsibilities and be held to that measure of responsibility which every employer has to meet under the law.'' The same may well be said of this defendant.

While the city is not liable for the negligent operation of its fire apparatus, a fire patrol corporation, operating pursuant to statute a service to aid in extinguishing fires and in preserving property, is liable even though it is doing the city's work, and has issued no stock and has no profits, and is partly supported by the city. *Newcomb* v. *Boston Protective Dept.,* 151 Mass. 215; *Bates* v. *Worcester Protective Dept.,* 177 id. 130, 134; *Muhs* v. *Fire Insurance Salvage Corps,* 89 App. Div. 389.

There is no good reason why the defendant should not be held liable for the negligent acts of its chauffeur. It is in an entirely different situation than a municipality. The defendant was not obliged to undertake the performance of the governmental functions. It was free to undertake the work or not, as it wished. It was not required to do it for the city. Having voluntarily assumed the work, it should not be exempt from liability for the acts of its employees. This should be so, if the work was done without pay, and there is greater reason for enforcing its liability when it is paid for rendering the service. There is no hardship to the defendant in enforcing the rule. It was not obliged to maintain the ambulance service for the city. When it saw fit to do so, whether for profit or for no profit, it necessarily assumed a responsibility which included a liability to strangers injured through the carelessness of its servants. If it would be relieved of this liability, it should not operate the ambulance.

The reserved motions must be denied and a general verdict for the plaintiff ordered upon the special verdict of the jury

Ordered accordingly.