CATHERINE E. VAN INGEN, Respondent, *v.* THE JEWISH HOSPITAL OF BROOKLYN, Appellant.

Second Department, February 21, 1918.

Negligence — liability of hospital for negligence of driver of ambulance resulting in collision with another motor vehicle injuring passenger — duty of driver of ambulance to use reasonable care although having right of way — when negligence of driver of motor car not imputable to passenger — error of judgment.

An incorporated hospital supported by voluntary contributions, by endowment, and by appropriation from the city of New York, and which received from said city an annual sum for the maintenance of motor ambulances which are required to be at the service of the city in response to calls, but hires the drivers itself, is liable for the negligence of one of said drivers resulting in a collision with another motor car injuring a passenger therein.

Where in an action for such negligence it appears that the car carrying the plaintiff was going west on the right-hand side of the street at twelve

miles an hour and had passed beyond the westerly curb of the inter-
section of said street with an avenue when the ambulance traveling on
the avenue at the rate of thirty to thirty-five miles an hour struck the
car at a point behind its center; that the ambulance was traveling in
the center of the avenue but as it approached the other car its driver
diverted his course from the center towards the west and thus came into
collision; that there was no apparent necessity for the diversion and that
if defendant's driver had continued on his course there would have been
room for passage between the rear of the other car and the easterly curve
of the avenue, said facts are sufficient to sustain a verdict against the
defendant.

A municipal ordinance giving vehicles proceeding in a northerly course
the right of way and the rights in the street of the driver of a motor
ambulance in the service of the city, do not relieve said driver from the
obligation of reasonable care.

Where a nurse in a public institution has been furnished by her employer
with a motor car hired with its driver from a public garage to carry
crippled children to their homes, negligence of the driver is not imputable
to her.

A charge of negligence cannot be avoided by mere proof that one of the
parties erred in judgment. The exercise of judgment to be considered
must have been made under conditions creating an emergency.

If one's negligence brought about in whole or in part the condition con-
stituting an emergency, he cannot excuse a negligent act in the emergency
by the plea that said act was an error of judgment.

APPEAL by the defendant, The Jewish Hospital of Brooklyn,
from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings
on the 16th day of April, 1917, upon the verdict of a jury for
$3,000, rendered by direction of the court after certain specific
questions of fact had been submitted to the jury.

Defendant also appeals from an order entered in said clerk's
office on the 14th day of April, 1917, denying its motion for
a new trial made upon the minutes.

*Robert B. Cumming* [*E. Clyde Sherwood* and *Amos H.
Stephens* with him on the brief], for the appellant.

*Frank W. Holmes,* for the respondent.

JENKS, P. J.:

The action is brought for the negligent driving of a motor
car ambulance that came into collision with a motor car
wherein the plaintiff was a passenger. The defendant con-

tends that, irrespective of negligence, it is not liable. It gave proof that it was an incorporated hospital for treatment of the sick; that it paid none of its officers or directors, but it paid its attendants, orderlies and servants; that it is supported by voluntary contributions, by endowment, by specific gifts, by appropriation from the city of New York and by money from those patients who pay for the services of physicians and nurses and for private rooms. It showed that it received an annual appropriation of $3,000 from the board of estimate and apportionment of the said city, through a board known as the ambulance board, for the working of two motor car ambulances which were required to be at the service of the city in response to calls from police headquarters of the city, for the care of persons injured or ill, and that it received a stated daily compensation for the care of such persons, in amount somewhat less than their cost to the institution. It appeared that the hospital hired the drivers of the ambulances.

The question now presented was considered by CROPSEY, J., who presided at trial, when he denied the motion for a new trial. His learned and elaborate opinion (reported 99 Misc. Rep. 655) correctly states the law. In *Kellogg* v. *Church Charity Foundation* (128 App. Div. 214) this court, per GAYNOR, J., considered the question and affirmed the liability of a charitable institution for the negligence of its driver of an ambulance that resulted in running down a wayfarer. Our decision, and the rule thereof, were cited and approved in *Gartland* v. *New York Zoological Society* (135 App. Div. 170). And in *Kellogg* v. *Church Charity Foundation* (203 N. Y. 191), where the court reviewed, not the decision in 128 Appellate Division, 214, but the subsequent decision in 135 Appellate Division, 839, the court, per WILLARD BARTLETT, J., say: " The defendant contended originally that even if the driver were in its employ his negligence could not be imputed to a purely charitable corporation, and it prevailed on this ground on the first trial. This view, however, was rejected by the Appellate Division ( *Kellogg* v. *Church Charity Foundation*, 128 App. Div. 214); and it must now be regarded as settled that a charitable corporation is not exempt from liability for a tort against a stranger because of the fact that

it holds its property in trust to be applied to purposes of charity. (*Hordern* v. *Salvation Army*, 199 N. Y. 233.) " In *Schloendorff* v. *New York Hospital* (211 N. Y. 129) the court, per CARDOZO, J., say: " It is, therefore, also a settled rule that a hospital is liable to strangers, *i. e.,* to persons other than patients, for the torts of its employees committed within the line of their employment. (*Kellogg* v. *Church Charity Foundation,* 203 N. Y. 191; *Hordern* v. *Salvation Army, supra.*) " In *Kellogg* v. *Church Charity Foundation* (128 App. Div. 214) we considered *Noble* v. *Hahnemann Hospital* (112 id. 663) and thought that the expressions in the opinion that denied the defendant's liability for torts similar to that now under consideration were *obiter.* Even if they were not, the rule stated subsequent to that decision, by the Court of Appeals (*ut supra*), is contrary to such holding and is conclusive against it.

I think that the verdict against the defendant should not be disturbed as against the evidence or the weight of the evidence. The jury could have found that the car that carried the plaintiff was going west on the right-hand side of Pacific street at 12 miles an hour, and had passed beyond the westerly curb of the right-angled intersection of that street with Classon avenue, when the ambulance of the defendant, traveling on Classon avenue at the rate of 30 to 35 miles an hour, struck the other car at a point behind its center, with such force that both cars were toppled over into a wreck. They could have found that the ambulance was traveling in the center of the street, but as it approached the other car its driver diverted his course from the center of Classon avenue towards the west, and thus came into collision. There was no apparent necessity for the diversion. The driver of the defendant testifies that he thus turned to the west to avoid the accident; that he turned as sharp as he could, expecting the other driver to turn down north or else stop. Each street was 34 feet wide from curb to curb, and there was proof that if the defendant's driver had continued on his course there was room for passage for his ambulance between the rear of the other car and the easterly curb of Classon avenue.

The learned court charged plainly and correctly the advan-

tage afforded to the defendant's car under the ordinances, both by its northerly course and the character of its use, but it charged correctly that the defendant was not freed thereby from the obligation of reasonable care. The plaintiff, as a nurse in a public institution, had been furnished by her employer with the car hired with its driver from a public garage to carry crippled children to their homes. The learned court charged correctly that any negligence of the driver of the car that carried plaintiff was not imputable to her. The court charged the jury that if neither driver was negligent, or if only the driver of the car that carried plaintiff was negligent, then the verdict must be for the defendant; if both drivers were negligent, then the verdict must be for the plaintiff. The charge was unexceptionable, and in fact was not excepted to, nor was qualification asked by either party.

The learned counsel for the appellant invokes the principle of " error of judgment." It was neither specifically raised nor suggested at trial. I think that it certainly does not apply so as to dispose of this case as matter of law. A charge of negligence cannot be avoided by mere proof that an actor erred in judgment. As BRADLEY, J., for the court said in McClain v. Brooklyn City R. R. Co. (116 N. Y. 459, 469): " While acting on error in judgment under some circumstances may constitute negligence, such is not the necessary consequence of it under all circumstances." The exercise of judgment, to be considered, must have been made under conditions that the courts describe almost invariably as " an emergency." (Wynn v. Central Park, N. & E. River R. R. Co., 133 N. Y. 575; Benoit v. Troy & Lansingburgh R. R. Co., 154 id. 223 [the two cases cited by the appellant]; Stabenau v. Atlantic Ave. R. R. Co., 155 id. 515; Lewis v. Long Island R. R. Co., 162 id. 62; Koster v. Coney Island & Brooklyn R. R. Co., 165 App. Div. 224, 227; Floyd v. Phila. & Read. R. R., 162 Penn. St. 29, 44; Donahue v. Kelly, 181 id. 93, 99.) But if one's negligence brought about, in whole or in part, the condition that constituted an emergency, he cannot excuse a negligent act in the emergency by the plea that the act was an error of judgment. Thus in the case at bar the jury could have found that there was nothing that prevented the driver

from continuing his way instead of sharply turning out of it, and that but for that turn he could have cleared the other car. Of course, his turn was an erroneous exercise of judgment, but, to use the apt language of WOODWARD, J., in *Savage* v. *Bauland Co.* (42 App. Div. 287): " There was no emergency in the sense that any action was necessary to avert a catastrophe."

I advise that the judgment and order be affirmed, with costs.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.