THEODORE GARRETT, Respondent, *v.* CITY OF SCHENEC-
TADY, Appellant.

(Argued May 24, 1935; decided July 11, 1935.)

*Thomas W. Wallace, Corporation Counsel (Arlen T. St. Louis* of counsel), for appellant. Statutory provisions as to speed and traffic signal lights have no application to fire apparatus when on the way to a fire. (*Hubert* v. *Granzo,* 155 N. W. Rep. 204; *Balthaser* v. *Pacific Electric Ry. Co.,* 202 Pac. Rep. 37; *Geary* v. *Metropolitan St. Ry. Co.,* 84 App. Div. 514; 177 N. Y. 535; *City of New York* v. *Metropolitan St. Ry. Co.,* 90 App. Div. 66; 182 N. Y. 536; *Farley* v. *Mayor,* 152 N. Y. 222; *Miner* v. *Rembt,* 178 App. Div. 173.) There is no evidence establishing negligence. (*DiCaprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94; *Racine* v. *Morris,* 201 N. Y. 240; *Karpeles* v. *Heine,* 227 N. Y. 74; *Clark* v. *Doolittle,* 205 App. Div. 697; *Martin* v. *Herzog,* 228 N. Y. 164; *Corbett* v. *Scott,* 243 N. Y. 66; *Rider* v. *Syracuse R. T. R. Co.,* 171 N. Y. 139; *Rexter* v. *Starin,* 73 N. Y. 601; *Voak* v. *North Central R. R. Co.,* 75 N. Y. 320; *Austin* v. *N. J. Steamboat Co.,* 43 N. Y. 75; *Eckert* v. *Long Island R. R. Co.,* 43 N. Y. 502.)

*Walter A. Fullerton* for respondent. Defendant was negligent. (*Woodruff* v. *Germansky,* 233 N. Y. 365; *Muhs* v. *Fire Ins. Salvage Corps,* 89 App. Div. 389; *Burd* v. *Bleischer,* 208 App. Div. 499; *Ferris* v. *Sterling,* 214 N. Y. 249; *Orlando* v. *Pioneer B. T. Supply Co.,* 239 N. Y. 342; *Leonard* v. *Brooklyn Heights R. R. Co.,* 57 App. Div. 125; Cons. Laws, ch. 71, § 82, subd. 1; *MacGregor* v. *Regitano & Kroon,* 263 N. Y. 534; *Van Ingen* v. *Jewish Hospital,* 182 App. Div. 10; 227 N. Y. 665; *Farrell* v. *Fire Ins. Salvage Corps,* 189 App. Div. 795; *Miller* v. *City of New York,* 235 App. Div. 259; *Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100; *Edgerley* v. *Long Island R. R. Co.,* 44 App. Div. 476; *Luther* v. *Fonda, J. & G. R. R. Co.,* 160 App. Div. 366; *Shea* v. *United States Trucking Corp.,* 200 App. Div. 821; *Matter of Evans* v. *Berry,* 262 N. Y. 61.) Plaintiff was not negligent. (*Lewis* v. *Long Island R. R. Co.,* 162 N. Y. 52; *Wagner*

v. *International Ry. Co.*, 232 N. Y. 176; *Perrotta* v. *Richmond Brick Co.*, 123 App. Div. 626; *Baker* v. *Close*, 204 N. Y. 92; *Poulsen* v. *Nassau Electric R. R. Co.*, 30 App. Div. 246; *Burd* v. *Bleischer*, 208 App. Div. 499; *Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Ward* v. *Clark*, 232 N. Y. 195; *Surace* v. *Danna*, 248 N. Y. 18; *Railroad Co.* v. *Stout*, 17 Wall. 657; *Texas & Pacific Ry. Co.* v. *Harvey*, 228 U. S. 319; *Kettle* v. *Turl*, 162 N. Y. 255; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Dunston* v. *Greenberger*, 205 App. Div. 778; *Hart* v. *Ruduk*, 233 App. Div. 453; *Miller* v. *City of New York*, 235 App. Div. 259.)

LOUGHRAN, J.    Plaintiff's automobile was struck by a motorized pumper fire truck of the defendant city of Schenectady at the intersection of Erie boulevard and Union street in that city.    Plaintiff's car was going north on Erie boulevard.    Defendant's vehicle, responding to an alarm of fire on Union street, was being driven west on that thoroughfare.    The supports of a railroad bridge which spanned Union street at the east side of the intersection obscured in some degree at that point the view along either highway from the other.    Both drivers knew the locality.    The day was clear, the roadways dry.

A traffic control signal stood in the center of the intersection.    When plaintiff was seventy-five feet south of it this light turned green for him and red against traffic on Union street.    At that time plaintiff heard the sound of sirens and in a mirror before him saw a hook and ladder carriage moving north behind him about four hundred feet to the south on Erie boulevard.    A fire whistle located at the northwest corner of the intersection was then in operation.

" On the approach of fire apparatus, as evidenced by suitable and continuous warning or by street signals, visible or audible one to another, indicating the route of the apparatus, the driver of a vehicle must immediately

draw up such vehicle as near as practicable to the right-hand curb and parallel thereto, and bring it to a stand-still." (Vehicle & Traffic Law [Cons. Laws, ch. 71], § 82, subd. 6.) To plaintiff's right automobiles were parked solidly along the east curb of Erie boulevard south from Union street. There was a parking space at that curb north of the intersection. An automobile had stopped on the north side of Union street facing west just east of Erie boulevard.

"I went across on the green light," plaintiff says, "and tried to get in the space which was the only space left on the other side, * * * the northeast corner." His testimony is that when he was in the center of Union street, he saw the pumper truck about twenty-five feet back of the automobile that stood facing west on Union street at that corner. "It [the truck] swerved to the left to go around a car, then it turned to the right and right into me; * * * when it turned to the left to avoid that car, I thought it was going to make a left turn."

The jury, absolving plaintiff of fault, found that negligent operation of defendant's apparatus caused the collision. Judgment for plaintiff's damages followed (Highway Law [Cons. Laws, ch. 25], § 282-g) and has been affirmed by the Appellate Division.

We can discover no sufficient foundation for the verdict of the jury.

The pumper truck weighed seven tons. It was equipped with eight hundred feet of hose, and a number of chemical tanks and ladders. We accept plaintiff's estimate of its speed on Union street — thirty to forty miles an hour. Its coming was announced by a siren connected with its flywheel and a "Buckeye" whistle attached to the exhaust. Foot brakes were applied as it neared the intersection. The driver thereafter shut off the motor and used the emergency brake in an effort to avoid the impact. All other things being equal, his was the right of way. (Vehicle & Traffic Law, § 82, subd. 1.) It

was the rule of defendant's fire department that members should "use all speed consistent with safety." This regulation was warranted. (*Farley* v. *Mayor, etc., of City of New York*, 152 N. Y. 222, 227; *Coots* v. *City of Detroit*, 75 Mich. 628, 630, 631.)

On cross-examination defendant's driver admitted that as he entered the intersection he looked to his right before looking to his left. Traffic on his right would be on the west or farther side of Erie boulevard, but he looked there first because "that is the most dangerous side." Upon this item of evidence plaintiff rests his case. His counsel say in their brief: "He almost reached safety. * * * If the driver of the defendant's pumper had first looked to the left as he approached the intersection, he would have slackened his speed a little, and the accident would never have occurred." But it is at least as fair to argue that had plaintiff not lessened his speed while he was within the intersection there would have been no collision. He first saw the pumper truck when it was about fifty feet away. Asked whether he then accelerated the movement of his automobile, he answered: "Well, I slowed down because I was almost into that space there, and I thought he was going to make a left turn."

"Traffic on the highways, whether by land or sea, cannot be conducted without exposing those whose persons or property are near it to some inevitable risk; and that being so, those who go on the highway * * * may well be held to do so subject to their taking upon themselves the risk of injury from that inevitable danger." (BLACKBURN, J., in *Fletcher* v. *Rylands*, [1866] L. R. 1 Ex. 265, 286.) We do not say that in the first instance plaintiff accepted a chance that no prudent man would have taken. No more can it be said that defendant's driver, doing a lawful act, was at fault because of his want of prevision of what was in plaintiff's mind. It is not claimed that there was such an emergency as deprived

either of judgment. Undeniably plaintiff had the better knowledge of his peril. We need not consider whether he omitted extra precautions that in ordinary prudence were demanded by the known danger of his position. In the aspect of the facts least unfavorable to him, he shows at most a pure accident.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. (See 268 N. Y. 708.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgments reversed, etc.