THE CITY OF AUBURN, Appellant, *v.* LEON ROATE, Respondent.

Fourth Department, December 23, 1935.

*William S. Elder,* for the appellant.

*John C. McLaughlin* [*Herbert A. Robinson* of counsel], for the respondent.

EDGCOMB, J. This is a negligence action. While responding to an alarm of fire on the morning of October 14, 1934, plaintiff's motorized fire pumper, weighing six and one-half tons, collided with defendant's Ford sedan at the corner of Walnut street and Seward avenue in the city of Auburn, N. Y. Both vehicles were damaged. Each owner seeks to recover his loss from the other. Neither has been successful in his effort.

After defining negligence in general terms, the trial court read to the jury certain provisions of sections 56, 81 and 82 of the Vehicle and Traffic Law, and in so doing stated that he was " not saying that they do apply here in this case, or that they do not apply." He then added: " I am bringing them to your attention, so if you find the facts such that they would fit, then you are to apply them in rendering a decision."

A jury is not ordinarily composed of men learned in the law, but rather of individuals drawn from various walks of life. The purpose of the charge is to so clearly define the law of the case applicable to the facts that the common run of men will not be confused or misled, but will be able to comprehend the questions which they are called upon to decide, and thus reach a proper and just verdict.

This was not done in the charge here under review. The instructions above outlined were tantamount to telling the jury that they could determine what the law applicable to the facts actually was; that they could adopt or reject the rules which were read to them, as they saw fit.

Doubtless, if the jury applied the rules correctly, the plaintiff would have no just cause to complain, but we have no assurance they did so. Some of the sections which were read have no relation to the facts disclosed by the record. For instance, the trial judge read certain provisions of section 56 relating to the speed at which motor trucks may be operated on the highways of the State, and more particularly subdivisions c and d, which state that a rate of speed of a motor truck of two tons' capacity, or under, in excess of twenty miles an hour, or of over fifteen miles an hour, if the vehicle exceeds a capacity of two tons, constitutes presumptive evidence of driving at a rate of speed which is neither careful nor prudent. Plaintiff's pumper was not a motor vehicle as that term is defined by section 2, subdivision 8, of the Vehicle and Traffic Law, and the above specified provisions of the statute have no bearing on the rate of speed at which it might lawfully be operated on the streets of Auburn; nor do they apply to defendant's car, as that was not a motor truck. It is, therefore, impossible to conceive what possible bearing such provisions could have on the conduct of the driver of either vehicle, and the jury should not have been permitted to speculate on the subject. As we have no indication that the jury, in arriving at their verdict, paid no attention to these sections of the statute, we feel that the instructions constituted reversible error.

Later in the charge the jury were instructed to apply the rules which had been read to them. The court said: " Now, *with those rules of law in mind,* and with the believable testimony in mind, it

is your duty to say what are the facts &ast; &ast; &ast;, and then when you shall have found what are the facts, *applying these rules of law,* you are to say whether or not the city is correct in its contention," etc. Certain of the " rules " had no connection or analogy to the facts in the case.

At the close of the charge counsel for the plaintiff excepted to that portion wherein the court " said in substance that the provisions of section 56 applied to the apparatus of the city when responding to this fire on this morning." To add to the confusion already created by the ambiguous and conflicting instructions, the court replied: " I did not say that it applied. &ast; &ast; &ast; I neither said or implied that it applied. I said that the jury might take it into consideration if it found the facts such that the law would fit to it."

A somewhat extended colloquy between the court and counsel followed, and the jury were finally told that the provisions of section 56 as to speed did not apply in the instant case.

It is true that the final charge to a jury is the one which controls the deliberation of that body. But here there was no retraction of the former instructions, except that a withdrawal thereof might be inferred from the statement of the court that the terms of section 56 did not apply to the case on trial. It is very doubtful if the jury had any conception of the stipulations contained in the statute referred to. These sections had been read to the jury, and they had been told once that they should apply the provisions to the facts as found, and twice that they should determine for themselves whether the requirements had any application or not. If these instructions were to be withdrawn, it should have been in no uncertain language, and the erroneous direction should have been emphatically erased from the jury's mind. This was not done. The trier of the facts was left in a confused and bewildered state as to the law applicable to the case. Verdicts rendered under such circumstances are entitled to little respect.

Appellant's counsel asked the court to charge the jury that if they found the siren on the pumper was sounded, and that it was audible and continuous, and indicated to the defendant that the fire apparatus was approaching at the time, it was the duty of the defendant to bring his car to a standstill. This we think was a proper request. (Vehicle & Traffic Law, § 82, subd. 6.) The fire apparatus was responding to an alarm of fire; its driver was in the performance of his duty. The vehicle, therefore, had the right of way. (Vehicle & Traffic Law, § 82; subd. 1.) Plaintiff's employee was traveling easterly in Walnut street, and defendant was driving northerly in Seward avenue. The two streets crossed at right angles. The court stated that the request would be proper, if defendant's car

and the fire apparatus were traveling on the same street, but that the rule did not apply if defendant was in another street. The court unduly limited the provision of the statute which requires a traveler on the highway, on the approach of fire apparatus evidenced by suitable and continuous warning, to draw up to the curb, and stop. That duty is not confined to one who is driving on the same street in which the fire apparatus is traveling, but applies similarly to a person approaching from an adjoining street. The rule was adopted to prevent collisions between fire apparatus hastening to a fire and an ordinary traveler on the road. The danger of such collision is just as great, if not greater, if the two vehicles are approaching the same spot at right angles, as if they are meeting or passing one another.

In the discussion between the court and counsel which followed, this instruction seems to have been modified somewhat, but to what extent is rather difficult to determine. At any rate the jury were left in a confused and perplexed state as to the duty of the defendant to bring his car to a stop on hearing the siren of the approaching fire apparatus, and the law upon that subject was not clearly stated.

We feel that the rights of the parties should not be determined on such ambiguous and unsatisfactory instructions, and that, in the interest of justice, the judgment should be reversed and a new trial granted, to the end that the law of the case may be clearly, precisely and properly laid down for the guidance of the jury.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.