Bergan, J.
The County of Broome maintains an ambulance which is used in case of accident and other emergencies. On November 19, 1946, the ambulance, while answering an emergency call, was in collision at Court and Liberty Streets in Binghamton with a taxicab owned by the defendant Binghamton Taxicab Company and driven by defendant Whitteman. The county has had judgment for the damages to its ambulance and defendants appeal.
The ambulance was being driven easterly in Court Street; the taxicab southerly in Liberty Street. It is not disputed that when both vehicles entered the intersection the traffic control light was green for the taxi; red for the ambulance. A building on the corner tended to obstruct the view from the vehicles before they reached the intersection. The ambulance approached the intersection at from forty to forty-five miles an hour; the taxi at about twenty miles an hour. The accident occurred after dark.
On this kind of mission, the ambulance not only had the right of way (Vehicle and Traffic Law, § 82, subd. 1) but it also was not bound by the usual command of the red light, if driven with caution and adequate warning was “ sounded (§84.)
The taxi driver testified he did not hear the siren until he reached the crosswalk at the intersection; that he heard the siren and saw the ambulance at the same time and immediately put on his brakes and slid out into the street. The front of the taxi came in contact with the left rear of the ambulance.
The controlling question in the case is whether the siren of the ambulance was being so “ sounded ” at the approach to the intersection as to give the “ adequate warning ” required by the statute, i.e., whether it should have been heard by the *440 taxi driver in reasonable time to give the ambulance a right of way and avoid the collision.
If we treat this subject as presenting a question of fact we are required to affirm the judgment, since appellants limit themselves to the point that as a matter of law plaintiff could not recover on this record. They argue that the “ sole and only ground for the appeal ” is that there was error in the denial of the motion for nonsuit and dismissal of the complaint.
This argument requires the proof most favorable to adequate warning of ambulance approach be sifted through to see if any of it, or if in its totality, it may be regarded as showing a question of fact whether the taxi driver should have heard and heeded the signal.
The ambulance was equipped with a siren worked from a push button located on the floor. As the button was pushed, the siren reached a high pitch and as the sound lessened the button was pushed again and the high pitch renewed. The resulting undulating siren sound is one commonly heard and it has not been shown that this warning equipment was not adequate or usual. Besides this, the ambulance was equipped with two red blinkers on top, right and left, and the siren had a red blinker.
The ambulance driver testified he was sounding the siren when he left the garage, and repeated it all the way in Court Street; that as he entered all intersections he raised the pitch and did so 150 feet from Liberty Street, but that this did not mean necessarily the siren had , been at a low pitch when he pushed the button at that point. Because of the obstructed view at Liberty Street, the ambulance driver said he slowed up “slower than I had been driving ” when he approached it, although he estimated this at forty, and then at forty to forty-five miles an hour.
One witness who saw the ambulance pass on Court Street some blocks from the accident said the siren was “ raising and lowering all the while ’ ’ as it proceeded in Court Street. Another witness who was at the gas station at the intersection of impact when the accident occurred, had first heard the siren when he was standing in front of Ms house and had walked from his house to the gas station before the accident happened.
The jury could have found from this some lapse of time, substantial in the circumstances, between the time the siren became plainly audible near tMs. intersection and the collision. Another witness heard the siren from inside the gas station; other witnesses inside of neighboring houses heard the siren *441 quickly followed by the crash. One witness thought these were separated by ‘ ‘ not over a moment ’ ’; another by no more ‘ ‘ than a couple seconds ”.
A man who was about to cross the intersection of collision diagonally heard the siren “ quite a ways back”. As the ambulance got “ within a block ” the “ siren cut loose again ”. The siren started “ dying down ” after this, but the witness believed it started up again before the collision. A passenger in the taxi said that he noticed the ambulance “As we were approaching the intersection ”, it was then “ west of the intersection ”, had not “ quite reached ” the intersection, but this witness did not hear the siren.
This kind of proof precludes us from disposing of the controlling questions here as a matter of law. Whether adequate warning was given; whether the ambulance approached the intersection with due caution; whether the taxi should have yielded the right of way, are questions of fact as we view this record.
Appellants point to Garrett v. City of Schenectady (268 N. Y. 219), to argue that the occurrence here was a “ pure accident ” as a matter of law; and it is thus not a proper subject for affirmative tort adjudication. The expression ‘1 pure accident ’ ’ was used in that case; but, of course, the ease is not authority for the proposition that every accident between fire apparatus or ambulance equipment and other vehicles is removed from the area of tort liability one way or another. They do not always happen in absolute fortuity.
The argument based on this decision illustrates the readiness with which we sometimes seize upon the easy-going comfort of an attractive phrase. In this sort of utilization an expression, originally directed with apt precision, becomes crystallized into a cliché ready at hand for application, often quite glibly, to thoroughly dissimilar, situations.
Every red-light fire engine case is not a “ pure accident ” in the sense there is nothing left for a jury to do. When there is a marginal area where reasonable men could differ about evaluating what happened, the case must be for the jury. Both the Constitution and our tradition require this. Even where there is marked uncertainty whether the case is in or out of this area, the hesitation should be resolved by sending it to a jury.
In Garrett v. City of Schenectady (supra) the city was not held liable for the collision between its fire apparatus and the *442 automobile of the plaintiff. But this was not just because it was a street intersection case. The plaintiff’s car had the green light at the intersection. Decision turned on events peculiar to that accident.
The plaintiff had slowed up in the intersection because he thought the apparatus was about to make a left turn. Notwithstanding the light was red for the fire apparatus, it was said that other things being equal, it had the right of way (p. 222).
It was argued for the plaintiff that the operator of the fire apparatus could be found negligent because he looked first to the right as he came to the intersection, instead first of to the left where the plaintiff was. This sole basis of liability was rejected as too tenuous (p. 223). It was added that the fire truck driver was not at fault because he could not guess what was in plaintiff’s mind (p. 223).
But because under the facts most favorable to plaintiff in that case (p. 224) no liability was held to exist, the fire apparatus having the right of way, it would not always follow that the owner of a vehicle having a special statutory right of way could not recover under facts making admissible a finding of negligence by the other driver. It is not hard to conceive a good many cases where the other driver should have heard and heeded the siren, or so a jury might find, in determining a disputed question of negligence.
In Crowley v. Fifth Ave. Coach Co. (249 App. Div. 408) the fire apparatus was moving easterly in a westbound one-way street, and entered an intersection against a red light colliding with a bus. The plaintiffs were firemen and recovered at Trial Term against the bus company.
The issue was, as here, largely whether an adequate signal was given by the fire apparatus. “ Ten disinterested witnesses * * * failed to hear any signal before the collision occurred.” (P. 409.) The operator of the bus testified he heard no warning sound. The court seems to have accepted this as conclusively established (p. 410) and to have regarded the other proof for the plaintiffs that there was warning given incredible as a matter of law.
The conclusion was reached that as far as the bus driver was concerned the occurrence was to be treated as an ‘6 entirely unavoidable ’ ’ accident upon the authority of Garrett v. City of Schenectady and the judgment at Trial Term was reversed. The Court of Appeals affirmed (276 N. Y. 496).
*443 We feel it would be unwarranted on this record to reject as a matter of law the proof of adequate warning of ambulance approach. The test could not be, of course, whether the taxi driver actually heard the siren. It would be easy to demonstrate upon a long line of railroad and other cases depending on audible warning, that the rule has to be, not whether the signal was heard, but whether it was given.
Hence the question is whether the siren was operated so that the taxi driver should have heard it and should have yielded the right of way. We regard the record as sufficient to allow a jury to find this fact. The question of responsibility in situations involving special rights of way is usually for the jury (Van Ingen v. Jewish Hospital, 182 App. Div. 10, affd. 227 N. Y. 665).
When a statute makes adequate audible warning the test of a right of way, it would be conformable with the general practice to ask a jury to say whether this kind of warning was given, and if given, whether it should have been heeded.
The judgment should be affirmed, with costs to the respondent.
Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.
Judgment affirmed, with costs to the respondent.