OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and claim dismissed.
In this negligence action for property damage the notice of claim states that on January 8, 1990 plaintiff’s 1985 Ford Escort was damaged by a fire truck at the intersection of *884 Gramatan Avenue and Lincoln Avenue, Mount Vernon, New York.
In our opinion the judgment should be reversed and the claim dismissed. Vehicle and Traffic Law § 1104 entitled "Authorized emergency vehicles” is in pertinent part as follows:
"(a) The driver of an authorized emergency vehicle, when involved in an emergency operation, may exercise the privileges set forth in this section, but subject to the conditions herein stated.
"(b) The driver of an authorized emergency vehicle may * * *
"2. Proceed past a steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be necessary for safe operation”.
Vehicle and Traffic Law § 1144 entitled "Operation of vehicles on approach of authorized emergency vehicles” states in part that:
"(a) Upon the immediate approach of an authorized emergency vehicle equipped with at least one lighted lamp exhibiting red light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle other than a police vehicle when operated as an authorized emergency vehicle, and when audible signals are sounded from any said vehicle by siren, exhaust whistle or bell; the driver of every other vehicle shall yield the right of way * * *
"(b) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with reasonable care for all persons using the highway.”
In the case at bar, the driver of the fire truck was responding to a fire when he was traveling eastbound on Lincoln Avenue at the intersection of Gramatan Avenue in Mount Vernon, N. Y. The traffic light was red against him. All the witnesses agree that the fire truck had both its lights and siren operating. The driver of the fire truck then stated that upon coming to the red light, he slowed down to be sure all the traffic was stopped in the north and southbound directions.
In view of the foregoing, it is clear that the driver of the fire truck had the right of way and the plaintiff had the duty to stop. The driver of the fire truck looked in both directions before entering the intersection and was traveling at no more than 20 miles per hour. Under these circumstances, it seems *885 apparent that the driver of the fire truck drove with reasonable care and was not negligent (Garrett v City of Schenectady, 268 NY 219; Kirk v Magee, 1 AD2d 452; City of Auburn v Roate, 246 App Div 461).
Stark, J. P., Collins and Ingrassia, JJ., concur.