(37 Misc. Rep. 162.)

### TAITE v. BOORUM & PEASE CO. et al.

(Supreme Court, Special Term, Kings County. February, 1902.)

NEGLIGENCE—PLEADING.

     A complaint for negligence is demurrable which nowhere states the negligent act or omission of the defendants by which plaintiff was injured.

Action by Margaret Taite against the Boorum & Pease Company and others. Demurrer to complaint sustained.

Henry C. Brooks, for plaintiff.
Perkins & Jackson, for defendants.

GAYNOR, J. This complaint industriously alleges what the business of the defendants is, that the individual defendants are copartners, and like irrelevant matters, but carefully refrains from alleging any facts constituting a cause of action. After as many unnecessary and frivolous allegations as could very well be thought of, it finally alleges that it was the duty of the defendants in their business "to use due diligence and reasonable care to avoid injuring passers by" on the sidewalk in front of their place of business, and then with much verbiage and illiteracy, that "solely through the negligence of the defendants, and each of them, their servants, agents and employees, acting within the scope of their duties in connection with their said business, and by reason of the defendants', their servants, agents and employees disregard of their duties and the facts hereinbefore set forth, she (the plaintiff) was injured, bruised and wounded, so that she became sick, sore, lamed and disabled," and still more of the same kind of useless lingo. But nowhere is any fact of negligence alleged. Whether the defendants negligently wheeled a bale of goods or backed a wagon against

the plaintiff as she was passing, or put and left an obstruction on the sidewalk which she stumbled over, or what they did or omitted, is not alleged.

It is true that evidence need not be pleaded; it should not be pleaded; but some particular negligent act or omission must be pleaded. It was only necessary to plead in a few lines a particular negligent act or omission of the defendants by which they hurt the plaintiff. Instead we have a long and imposing complaint which alleges nothing that needed to be alleged at all.

The demurrer is sustained with costs.