DAVID HORDERN, Appellant, *v.* THE SALVATION ARMY, Respondent.

Negligence — charitable corporations — rule that charitable corporations are not liable to beneficiaries for torts or negligence of agents or servants, not applicable to rights of other persons.

The beneficiary of a charitable trust may not hold the corporation, administering the trust, liable for the neglect of its servants, but this immunity does not affect the rights of those who are not such beneficiaries.

This action was brought to recover for personal injuries received by the plaintiff, a journeyman mechanic, who was engaged in making repairs on a boiler on defendant's premises. Defendant contends that, being a religious or charitable corporation, it cannot be held liable for the torts or negligence of its agents or servants; that the rule of *respondeat*

*superior* has no application to such a corporation. *Held*, that in this case the plaintiff bore the same relation to the defendant as he would have to any other owner of property on whose premises he was called to work, and that defendant is not entitled to immunity from liability upon the ground claimed.

*Hordern* v. *Salvation Army*, 131 App. Div. 900, reversed.

(Argued May 19, 1910; decided September 27, 1910.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Brooks Leavitt* and *Louis Levene* for appellant. A *prima facie* case to go to the jury was made out, and the exception to the nonsuit was well taken. (*Homer* v. *Everett*, 91 N. Y. 641; *McDonald* v. *M. S. R. Co.*, 167 N. Y. 166.) The fact that the defendant is a religious or charitable corporation does not render it immune from the consequence of its neglect to keep its passageway reasonably safe. (*Ascension Church* v. *Buckhart*, 3 Hill, 193; *Bruce* v. *C. M. Church*, 141 Mich. 230; *Glavin* v. *R. I. Hospital*, 12 R. I. 411; *Wahrman* v. *Board of Education*, 187 N. Y. 331; *Kellogg* v. *C. C. Foundation*, 128 App. Div. 214.)

*Frederick B. Campbell* and *Henry S. Curtis* for respondent. The defendant, being a religious and charitable institution, cannot be held liable even for the negligence of its trustees. (*Corbett* v. *St. V. I. School*, 79 App. Div. 334; 177 N. Y. 16; *Collins* v. *N. Y. P. G. M. School*, 59 App. Div. 63; *Haas* v. *Missionary Society*, 6 Misc. Rep. 281; *Joel* v. *Women's Hospital*, 89 Hun, 73; *Wilson* v. *B. H. Hospital*, 97 App. Div. 37; *Van Tassell* v. *M., etc., Hospital*, 15 N. Y. Supp. 620; *Noble* v. *Hahnemann Hospital*, 112 App. Div. 663; *Heriot's Hospital* v. *Ross*, 12 Cl. & F. 507; *Glavin* v.

*R. I. Hospital*, 12 R. I. 411; *Williamson* v. *L. I. School*, 95 Ky. 251.)

Cullen, Ch. J. The action was brought to recover for personal injuries received by the plaintiff, a journeyman mechanic, who was engaged in making repairs on a boiler on defendant's premises. The accident occurred through the defective condition of a runway or staging leading from a door in the boiler room. It is unnecessary to narrate the details of the occurrence. The learned court below was of the opinion that the runway was not of such a character as to warrant an inference of negligence on the part of the defendant in maintaining it. It is sufficient to say that while it may be conceded that the case is a close one, we are of the opinion that the evidence presented a question of fact for determination by the jury. This statement brings us to the principal question of law presented on this appeal.

The respondent contends that, being a religious or charitable corporation, it cannot be held liable for the torts or negligence of its agents or servants. In other words, that the rule of *respondeat superior* has no application to such a corporation. That such immunity exists in certain cases is conceded in every jurisdiction so far as our research goes, and in many jurisdictions the immunity is unqualified, existing in all cases, but the extent of the immunity and the grounds on which it rests are the subject of very diverse judicial views. Where the doctrine that the immunity is universal obtains, it is rested on the proposition that the funds of the corporation are the subject of a charitable trust, and that to suffer a judgment to be recovered against the corporation and to subject its property to the judgment would be an illegal diversion and waste of the trust estate. This doctrine has been asserted in Pennsylvania (*Fire Ins. Patrol* v. *Boyd*, 120 Pa. St. 624); Maryland (*Perry* v. *House of Refuge*, 63 Md. 20); Tennessee (*Abstein* v. *Waldon Academy*, 118 Tenn. 24); Kentucky (*Williamson* v. *Louisville Industrial School*, 95 Ky. 251); Illinois (*Parks* v. *Northwestern University*, 218 Ill. 385) and

Missouri (*Adams* v. *University Hospital*, 99 S. W. Rep. 453).
It is true that in several of these cases the same decision might
have been reached on other grounds — grounds of exemption
which seem to be recognized everywhere — but the ground
on which the learned courts before whom the cases came
placed their decisions was the one stated, viz., the general
immunity of charitable corporations for the torts of their
agents. In Massachusetts the exemption of certain hospitals
from liability seems by the opinions of the Supreme Court to
have been based rather on the theory that those institutions
were governmental instrumentalities, than on their character
as public charities, though they were recognized as such.
(*McDonald* v. *Mass. Gen. Hospital*, 120 Mass. 432; *Benton*
v. *Trustees of City Hospital*, 140 id. 13.) In the earlier case
the plaintiff was a gratuitous patient seeking to recover for
negligence of the defendant's employee. In the second the
plaintiff, a visitor to a patient in the hospital, sought to recover
for injuries sustained in the hospital through the unsafe con-
dition of the stairs. At the same time the Supreme Court
held a religious corporation liable to a workman engaged in
painting the ceiling of a church, for defective staging (*Mul-
cahey* v. *M. Religious Soc'y*, 125 Mass. 487), and a similar
society liable to a person invited on the premises, for their defec-
tive condition (*Davis* v. *Congregational Society*, 129 Mass.
367), and still another liable to a traveler on the highway, for
having suffered snow to fall upon him from the roof of the
church. (*Smethurst* v. *Barton, etc., Church*, 148 Mass. 261.)
But in *Farrigan* v. *Pevear* (193 Mass. 147) the same court held
that the trustees of an unincorporated charity for the education
and maintenance of indigent boys were not liable for the injuries
caused by their servants, if they used proper care in their selec-
tion, stating that the *Davis* and *Smethurst* cases were not con-
trolling, because the question of the exemption from liability by
reason of the charitable character of the defendants was raised
in neither case. Whether since this last decision Massachu-
setts is to be placed in the class of states adhering to the doc-
trine of total immunity may well be doubted. Certainly

liability for negligence in the selection of servants may impair the integrity of the trust estate just the same as liability for the negligence of servants, though of course not so frequently.

In several jurisdictions, however, the immunity of charitable corporations for the torts of their trustees or servants has been made dependent on the relation the plaintiff bore to the corporation. In all it is recognized that the beneficiary of a charitable trust may not hold the corporation liable for the neglect of its servants. This is unquestionably the law of this state. (*Collins* v. *N. Y. Post Graduate Med. School*, 59 App. Div. 63; *Joel* v. *Woman's Hospital*, 89 Hun, 73; see, also, *Pryor* v. *M. E. & E. Hospital*, 15 N. Y. Supp. 621 [note], and *Haas* v. *Missionary Soc'y*, 26 id. 868.) It is also the law in this state that there is similar immunity from liability in the case of a charitable institution of a quasi penal character, as against an inmate committed to it for punishment or reformation. (*Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16.) That decision proceeded on the ground that the defendant was engaged in the performance of a governmental duty for the benefit of the state in respect to persons committed to its custody and possessed the same immunity as the state. The principle of this case is very much akin to that on which the early hospital cases in Massachusetts were decided. On the other hand, in *Rector, etc., of Church of Ascension* v. *Buckhart* (3 Hill, 193) a recovery against a religious corporation by a person injured by the falling of a church wall was upheld. The authority of this case has never been questioned and the decision is conclusive against the doctrine of total immunity. In *Blaechinska* v. *Howard Mission, etc.* (56 Hun, 322; reversed, 130 N. Y. 497, but on another point) a recovery was had against a charitable organization for the maintenance of a vault under a sidewalk, with a defective cover, but no question seems to have been raised as to the immunity of the defendant on account of its charitable character. These seem to be the only cases in this state bearing on the question before us.

In at least two other states the doctrine of total immunity

has been rejected. In *Hewett* v. *Women's Hospital Aid Assn.*
(73 N. H. 556) a recovery by a nurse, for failure to warn her·
against the presence of a contagious disease, was upheld. In
*Bruce* v. *Cent. Methodist Ep. Church* (147 Mich. 230) the
defendant was held liable to a workman employed in painting
the church, for defective scaffolding.

So much for authority. If, however, we are to consider
the question of the liability of the defendant an open one
despite the decision in *Rector, etc., of Church of Ascension* v.
*Buckhart* (*supra*), we feel clear that on reason and principle the
defendant's claim of immunity should not prevail. In the case
of *Powers* v. *Mass. Homœopathic Hospital* (47 C. C. A. 122),
and in the case we have cited from the courts of Michigan,
there will be found not only an elaborate review of the author-
ities, but an exhaustive discussion of the grounds on which
the claim of universal immunity is sought to be sustained.
In the earlier case Judge LOWELL, of the U. S. Circuit Court,
shows that the analogy of the immunity of private trust
estates does not support the doctrine. That immunity is
only nominal, not real. "It is true that a suit cannot be
maintained against a trustee, as such, for torts committed in
the management of the trust property. The suit is brought
against the trustee as an individual. The judgment and exe-
cution run against him individually. When these are satisfied,
however, the trustee is reimbursed from the trust estate,
unless individually at fault. (*Shepard* v. *Creamer*, 160 Mass.
496; *Baker* v. *Tibbetts*, 162 Mass. 468; *Benett* v. *Wyndham*,
4 De Gex, F. & J. 259.) The trust fund is protected from
immediate levy to satisfy the execution, not because of its
complete immunity, but rather from technical reasons con-
nected with the legal estate of the trustee in the property.
Its technical immunity affords it no ultimate protection." Of
the exemption of charitable institutions against the recipients
of the charity, the learned judge said : "One who accepts
the benefit either of a public or private charity enters into a
relation which exempts his benefactor from liability for the
negligence of his servants in administering the charity; at

any rate, if the benefactor has used due care in selecting those servants. * * * It would be intolerable that a good Samaritan, who takes to his home a wounded stranger for surgical care, should be held personally liable for the negligence of his servant in caring for that stranger. Were the heart and means of that Samaritan so large that he was able, not only to provide for one wounded man, but to establish a hospital for the care of a thousand, it would be no less intolerable that he should be held personally liable for the negligence of his servant in caring for any one of those thousand wounded men. * * * If, in their dealings with their property appropriated to charity, they create a nuisance by themselves or by their servants; if they dig pitfalls in their grounds and the like, there are strong reasons for holding them liable to outsiders, like any other individual or corporation. The purity of their aims may not justify their torts; but if a suffering man avails himself of their charity he takes the risk of malpractice, if their charitable agents have been carefully selected." In the later case, Judge Carpenter, of the Supreme Court of Michigan, after pointing out that in the earlier decisions in that state immunity only as against beneficiaries of the charity was involved, said : "I can see no ground upon which it may be held that the rights of those who are not beneficiaries of a trust can in any way be affected by the will of its founder. The rights of such persons are those created by general laws, and the duties of those administering the trust to respect those rights are also created by general laws. The doctrine that the will of an individual shall exempt either persons or property from the operation of general laws is inconsistent with the fundamental idea of government. It permits the will of the subject to nullify the will of the people. Nor can I conceive any ground upon which a court can hold that effect can be given to that will when it relates to property devised or conveyed for the purpose of a charitable trust. Such a holding must rest upon the argument that the advantage reaped by the public from such trusts justify the exemption ; that is, as applied to

this case, the advantage to the public justify defendant's exemption from liability for wrongs done to individuals. If this argument is sound — and its soundness may be questioned, for there are those who will deny that the advantages to the public justify the wrong to the individual — it should be addressed to the legislative, and not to the judicial, department of the government. It is our duty as judges to apply the law. We have no authority to create exemptions or to declare immunity." We can add nothing to the force of this reasoning, but simply express our concurrence therein, as well as in the argument of Judge LOWELL.

To avoid misapprehension, it may be well to say that we do not intimate any view as to the status of persons visiting charity patients and received through the courtesy of the charitable institution — whether there would be any greater liability to such persons than to the patients themselves. In this case plaintiff bore the same relation to the defendant as he would bear to any other owner of property on whose premises he was called to work.

The judgments of the Appellate Division and Trial Term should be reversed and a new trial granted, costs to abide the event.

GRAY, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgments reversed, etc.