(90 Misc. Rep. 118)

COLEMAN v. ST. MICHAEL'S PROTESTANT EPISCOPAL CHURCH.

(Supreme Court, Special Term, New York County. April, 1915.)

1. CEMETERIES ⬤⇒5—TORTS—LIABILITY—COMPENSATED SERVICE.

A domestic religious corporation is not exempt from liability for its negligence in permitting a body which was buried in its cemetery to be stolen, where it had received compensation for permitting the burial there.

[Ed. Note.—For other cases, see Cemeteries, Cent. Dig. §§ 4–8; Dec. Dig. ⬤⇒5.]

2. PLEADING ⬤⇒347—COMPLAINT—SUFFICIENCY—MOTION FOR JUDGMENT.

An objection that a complaint which alleged negligence generally is defective, as failing to allege any affirmative act of negligence, cannot be

---

raised on motion for judgment on the pleadings, since a general allegation of negligence is good against demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1052; Dec. Dig. ☞347.]

3. DEAD BODIES ☞9—CEMETERY CORPORATION—CIVIL LIABILITY—ACTION—PARTIES.

A brother can recover for his mental suffering caused by the negligence of a cemetery company in permitting the body of his brother to be stolen, without showing that he is the heir at law, since his right of action is for injuries personal to himself, and not in a representative capacity.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 13, 14; Dec. Dig. ☞9.]

Action by Marcus B. Coleman against the St. Michael's Protestant Episcopal Church. On motion of defendant for judgment on the pleadings. Motion denied.

Bowers & Sands, of New York City (William C. Bowers, 2d, of New York City, of counsel), for the motion.

Eugene I. Gottlieb, of New York City, opposed.

GIEGERICH, J. The action is brought to recover for mental suffering claimed to have been caused to the plaintiff through the negligence of the defendant in failing to provide the necessary care to guard the body of the plaintiff's brother, which had been buried in the cemetery of the defendant, pursuant to an agreement between the plaintiff and the defendant whereby, in consideration of a money payment by the plaintiff, the body of his brother was buried in the said cemetery. The plaintiff further alleges that through the negligence of the defendant the body was stolen from the grave. The defendant moves for judgment on the pleadings.

[1] One point urged in support of the motion is that, as the complaint alleges that the defendant is a domestic religious corporation, its property is exempt from claims of the character asserted in this action. Inasmuch, however, as the plaintiff in this case is not the recipient of gratuitous benefactions on the part of the corporation, but paid for the service received, the doctrine of immunity extended to charitable corporations in certain cases does not apply. Horndern v. Salvation Army, 199 N. Y. 233, 92 N. E. 626, 32 L. R. A. (N. S.) 62, 139 Am. St. Rep. 889.

[2] Another point urged on behalf of the defendant is that the complaint is defective in failing to allege any affirmative act of negligence, citing Taite v. Boorum & Pease Co., 37 Misc. Rep. 162, 74 N. Y. Supp. 874, and Allinger v. McKeown, 30 Misc. Rep. 275, 63 N. Y. Supp. 221. The well-established principle is that a general allegation of negligence is good against demurrer (Abbott's Forms of Pleading, vol. 1, p. 566; Abbott's Brief on Pleading, §§ 304 and 932); but it is not good as against a motion to have the charge made more specific, so as to give information of the particular act or acts relied upon (Reubens v. Ludgate Hill Steamship Co., 2 N. Y. Supp. 30). Even if this were a case, therefore, where the plaintiff might be required to

allege some affirmative or some specific act of negligence, the defendant has mistaken its remedy.·

[3] The objection is also made that the plaintiff does not show that he is the one entitled to bring the action as heir at law. Reliance is placed upon Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699. This objection of the defendant is based upon a misapprehension of the true character of the plaintiff's grievance. This is not an action which involves the question of prior right or joint right to determine the place of burial of a dead body, or otherwise to control the disposition or care of that body. In such actions, for obvious reasons, the action should be brought by the person having the prior right, or, if there are several persons having equal rights, then by all of them. The present action is one rather of the character of Finley v. Atlantic Transport Co., Lim., 153 N. Y. Supp. 439, in which Mr. Justice Shearn in an able opinion pointed out clearly that the right of the solace and comfort of burying the remains of a father whose body had been cast into the sea by the defendant, instead of being brought to shore for burial, did not vest in the plaintiff in his representative capacity as one of the next of kin of the deceased, but was emphatically an individual right distinct from the rights of any other of the next of kin who may have suffered similarly. So in this case the injury to the plaintiff is distinct from the injury to any other near relatives of the deceased, if there be any such.

The plaintiff's attorney calls attention to the fact that the plaintiff does not need to allege that he is the person entitled to sue as heir at law, because he is the real party in interest, having personally paid to the defendant the consideration for the interment. This circumstance does, of course, establish a special relationship between the parties; but I do not think it is necessary to rest the plaintiff's right to an action upon that special relationship.

The motion for judgment is denied, with $10 costs. Settle order on notice.