Beckie Gollob, Plaintiff, *v.* Congregation Ohel Moishe Chevra Tehilim, Defendant.

Supreme Court, Kings Special Term, September, 1922.

Negligence — action against religious corporation for injuries sustained in synagogue — motion to dismiss complaint denied.

The complaint in a negligence action besides an allegation that while plaintiff was in defendant's synagogue for the purpose of worship she fell down an unlighted and unguarded stairway and was injured, alleged that the defendant was a domestic religious corporation. *Held,* that a motion to dismiss the complaint as not stating a cause of action upon the claim that defendant is a charitable corporation and not liable in tort, will be denied.

It not appearing from the complaint that plaintiff was the recipient of gratuitous benefactions on the part of the defendant, the doctrine of immunity extended to charitable corporations did not apply.

Motion to dismiss amended complaint.

*Archibald Oboler,* for plaintiff.

*Nadal, Jones & Mowton (Edwin A. Jones,* of counsel), for defendant.

Lewis, J. This is a motion to dismiss the amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The complaint alleges that the defendant is a domestic religious corporation, and that while plaintiff was in said synagogue and house of worship for the purpose of worship she fell and was precipitated downstairs by reason of the agents, servants or employees negligently permitting said stairway to remain unlighted and unguarded and in a condition dangerous to persons thereon. It is claimed that the defendant is a charitable

institution, and, therefore, not liable in tort. It is not claimed that the accident was due to the hiring of incompetent servants. In *Hordern* v. *Salvation Army*, 199 N. Y. 233, 237, it is stated: " In all it is recognized that the beneficiary of a charitable trust may not hold the corporation liable for the neglect of its servants. This is unquestionably the law of this state." The question, therefore, is whether the defendant is a charitable organization. Paragraph 1 alleges that the defendant is a domestic religious corporation. In the case of *Williams* v. *Williams*, 8 N. Y. 525, 533, it is stated: " In England, corporations connected with the church, and termed ecclesiastical, are subject to peculiar laws, and are distinguished in some particulars from lay eleemosynary corporations, but here, where there is no church establishment, and public worship and religious instruction are supported upon a voluntary system, no legal difference as to their general objects and power to hold property is believed to exist between our incorporated religious societies and corporations created for charitable and educational purposes." In *Holmes* v. *Mead*, 52 N. Y. 332, it was held that so far as the *Williams* case sanctioned the English law of charitable uses it was overruled. Chapter 701 of the Laws of 1893 was thereafter enacted, which is now contained in section 113 of the Real Property Law. Pursuant to that statute the courts plainly hold that the legislature intended to restore the law of charitable trusts as declared in the case of *Williams* v. *Williams*, *supra*. See *Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 N. Y. 286; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Matter of MacDowell*, 217 id. 454. Furthermore, it does not appear from the complaint that the plaintiff was the recipient of gratuitous benefactions on the part of the defendant. Under those circumstances the doctrine of immunity extended to charitable corporations does not apply. *Hordern* v. *Salvation Army*, *supra; Coleman* v. *St. Michael's P. E. Church*, 90 Misc. Rep. 118. Motion denied.

Ordered accordingly.