MARGARET PHILLIPS, Appellant, *v.* BUFFALO GENERAL HOSPITAL, Respondent.

Negligence — hospitals — respondeat superior — patient injured through negligence of orderly while engaged in specific act of caring for her may not recover in action against hospital — orderly while so engaged acts on own responsibility — doctrine of implied waiver.

An orderly, so far as he is engaged in nursing, under the authority of a hospital, is supposed, like other nurses, to act on his own responsibility and if a patient is injured by his act, unauthorized by the hospital, the rule of *respondeat superior* does not apply and the complaint in an action by the patient against the hospital is properly dismissed. One who is brought unconscious to a charitable hospital as a patient does not assume the risk of malpractice on the part of the hospital, but it unquestionably has been stated to be the law of this State that the beneficiary of a charitable trust may not hold the corporation liable for the neglect of its servants. *Quære*, however, whether one who pays a substantial sum for room and care is a recipient of charity so as to make the waiver rule applicable.

*Phillips* v. *Buffalo General Hospital*, 207 App. Div. 640, affirmed.

(Argued October 9, 1924; decided December 9, 1924.)

APPEAL from a judgment, entered January 23, 1924, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Ford White* for appellant. The rule exempting a hospital from liability upon the ground that it is a charitable institution, cannot prevail where the plaintiff was a fully paying patient and was injured through the negligence of an orderly. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Hornden* v. *Salvation Army*, 199 N. Y. 233; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191.)

*Frank G. Raichle* for respondent. The respondent is not liable to the appellant merely because she made some payment toward her maintenance. (*Schloendorff* v. *N. Y. Hospital*, 211 N. Y. 125; *Hamburger* v. *Cornell University*, 204 App. Div. 664.)

1924.]                    Opinion, per POUND, J.                [239 N. Y. 188]

POUND, J.  The defendant is a charitable corporation which maintains a hospital.  The plaintiff was a paying patient.  Through the negligence of an orderly who placed a hot water bottle against her body while she was in bed, unconscious, after an operation, she was severely burned.

The question is whether the rule of *respondeat superior* applies.  The court below held that the waiver doctrine is the foundation of the rule which exempts a hospital from liability for the negligence of its physicians and nurses in the treatment of patients who are regarded as the beneficiaries of a charitable trust; that in applying such doctrine no intelligible distinction can be made between the negligence of a nurse and of an orderly and that the defendant's claim of immunity is to be sustained because plaintiff, by going to the hospital, impliedly waived all claims of liability growing out of the negligence of those who cared for her.  (*Hordern* v. *Salvation Army,* 199 N. Y. 233.)  We are reluctant to permit an affirmance of the judgment to pass as an acceptance of the theory that defendant's exemption from liability must rest on the waiver doctrine.

The comprehensive opinion in the case of *Schloendorff* v. *Society of New York Hospital* (211 N. Y. 125) discusses the waiver doctrine, but then proceeds to the consideration of the status of physicians and nurses in hospitals and reaches the conclusion that they are employed by the hospital to exercise their profession and calling to the best of their abilities according to their discretion; that in treating and caring for a patient they are not acting as servants of the hospital; and that the doctrine of *respondeat superior* does not apply when patients are injured through their negligent acts.  In *Matter of Bernstein* v. *Beth Israel Hospital* (236 N. Y. 268, 270) the rationale of the rule in the *Schloendorff* case is clearly stated thus: " Such a hospital undertakes, not to heal or attempt to heal through the agency of others, but merely to supply others who will heal or attempt to heal on their own responsibility."

The doctrine of implied waiver is logically weak.  It

rests on the patent fiction that the patient has voluntarily relinquished a known right by coming to the hospital for treatment. As the trust fund doctrine of total immunity was rejected in the *Hordern* case on the ground that purity of aim did not justify a tort when the victim was a stranger to the charity, so it may be said with equal force that one who is brought unconscious to a charitable hospital as a patient does not assume the risk of malpractice on the part of the hospital; that one who pays a substantial sum for room and care is not in any true sense according to common speech, the recipient of charity and that only by an hyperbole may a hospital which collects $24.50 a week for board, lodging and care in a semi-private ward be classed with the Good Samaritan, but it unquestionably has been stated to be the law of this State that the beneficiary of a charitable trust may not hold the corporation liable for the neglect of its servants. (*Hordern* v. *Salvation Army, supra,* p. 237.)

In the *Schloendorff* case (p. 132) it was suggested in passing and by way of illustration merely that orderlies are servants of the hospital for whose negligent acts the corporation must respond. The status of an orderly is determined by the nature of the work he is employed to do rather than by the payroll designation of his position. Broadly speaking, he is a hospital attendant who does general work, while a nurse is one who cares for the sick. The line of demarcation is not clearly drawn. The orderly at times does nursing and a nurse may be put to the inconvenience of waiting on herself. Here the orderly was engaged in a specific act of caring for the sick woman, the plaintiff. He was not engaged in general work, such as running errands, lifting patients or the like. The distinction is sought to be made between exoneration from liability for the negligence of physicians and nurses employed by the hospital to care for its patients and for the negligence of cooks, maids and orderlies who also act for the hospital in its care of patients. It is difficult

1924.] Statement of case. [239 N. Y. 191]

to place such distinction on the unshifting rock. If a nurse should carelessly apply one hot water bottle and an orderly should carelessly apply another to the same patient at the same time, and two burns were thus produced, it would require an acute mind to formulate satisfactorily the rule of liability which would exempt the hospital in the one case and hold it in the other.

When we come to apply the rationale of the decision in the *Schloendorff* case to this case, we conclude that the orderly, so far as he engaged in nursing, under the authority of the hospital, was supposed, like other nurses, to act on his own responsibility. If his act was unauthorized by the hospital, the rule of *respondeat superior* does not apply. In neither case, as between hospital and patient, was his negligence the hospital's wrongful act.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., concurs in result.

Judgment affirmed.*

1. A master may be held liable for injury to his servant, a boy under sixteen, while operating a machine in the course of his employ-

---

* See " Tort Responsibility of Charitable Corporations," 34 Yale Law Journal, 316; " Respondeat Superior as Applied in New York to Quasi Public and Eleemosynary Corporations," by Prof. O. L. McCaskill, 5 Cornell Law Quarterly, 409; 6 Cornell Law Quarterly, 56.