Gorman, J.
The well-settled rule in Ohio is that a hospital which is a charitable institution is not liable for injuries resulting from negligence of its servants unless it is shown that it failed to use due care in the selection or retention of the servants who caused the injury. Taylor, Admr., v. Protestant Hospital Assn., 85 Ohio St., 90, 96 N. E., 1089; Taylor v. Flower Deaconess Home and Hospital, 104 Ohio St., 61, 135 N. E., 287, 23 A. L. R., 900; Rudy v. Lakeside Hospital, 115 Ohio St., 539, 155 N. E., 126; Lakeside Hospital v. Kovar, Admr., 131 Ohio St., 333, 2 N. E. (2d), 857.
While many different theories are advanced for this limitation of liability, it is most generally held that it is against public policy to hold charitable institutions liable where the servants who caused injury were selected with care. Taylor v. Flower Deaconess Home and Hospital, supra, 66, 67.
The rule pertains not only to hospitals, but is applicable in the case of all public charitable institutions. 2 Restatement of Law of Trusts, 234, Section 402; 10 American Jurisprudence, 692.
If in this case it were conceded that the swimming instructor of the Young Women’s Christian Association was negligent, two questions would remain to be determined. Was the defendant association a charitable institution? If so, was the burden of proof upon the plaintiff, Janet Ellen Waddell, to show that the defendant association failed to use due care in the selection of the instructor, or was the burden upon the defendant *604 to prove that it did use such due care in her selection?
Both the Court of Common Pleas and Court of Appeals found upon the evidence as a matter of law that the defendant association was a public charitable institution.
In order to determine whether the Young Women’s Christian Association is a charitable institution we may look to the charter, constitution, by-laws and such oral evidence as is not inconsistent therewith. O’Brien, Treas., v. Physicians Hospital Assn., 96 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741.
The constitution of the association provides that “the purpose of this organization shall be to associate young women in personal loyalty to Jesus Christ as Savior and Lord; to promote growth in Christian character and service through physical, social, mental, and spiritual training; and to become a social force for the extension of the Kingdom of God. ’ ’
In the amended articles of incorporation in effect at the time of the injury to the plaintiff, it is set forth : “The purposes for which said corporation is formed, shall be to promote the spiritual, moral, mental, social and physical welfare of the women and girls of the city, and to engage in whatever philanthropic work the association may deem advisable, with power to receive gifts, donations, bequests and devises, and to acquire, hold and sell, when advisable, such real estate as may be necessary for carrying out the purposes of the corporation.”
The evidence offered showed that in actual practice the association attempted to achieve these purposes. No evidence was offered to controvert the purposes of the association and the uses to which its property was put. While fees are charged for services, the institution is sustained largely by private donations and gifts from community funds.
Charity is not aid to the needy alone, but it embraces and includes all which aids man and seeks to *605 improve his condition. Diffusion of useful knowledge, the acquirement of the knowledge of arts and sciences and the advancement of learmng without any particular reference to the poor are considered charitable objects. See Gerke, Treas., v. Purcell, 25 Ohio St., 229; Cleveland Library Assn. v. Pelton, Treas., 26 Ohio St., 253.
In Palmer v. Oiler, Exrx., 102 Ohio St., 271, 272, 131 N. E., 362, this court quoted with approval from the case of Ould v. Washington Hospital for Foundlings, 95 U. S., 303, 311, 24 L. Ed., 450, wherein a charitable gift is defined as follows: “ ‘Whatever is given for the love of Grod, or the love of your neighbor in the catholic and universal sense — given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private or selfish.’ ”
Efforts are being expended in attempting to train the youth of today to meet the problems of tomorrow. The evidence shows that the purpose of the Young Women’s Christian Association of Dayton is to achieve the same kind of an objective for young womanhood to a certain extent that our national government has undertaken for boys and young men on a much larger scale in the establishment and operation of the Civilian Conservation Camps. The purpose, therefore, is of an unquestioned public character.
The jury was not called upon, in the special verdict submitted, to determine whether the defendant association was a charitable institution. On the undisputed evidence, the court could reach no other conclusion than that the Young Women’s Christian Association was a public charitable institution.
This conclusion is in accord with the great weight of authority where courts have been called upon to determine the nature of institutions with similar purposes and activities. See Commonwealth v. Young Men’s Christian Assn., 116 Ky., 711, 76 S. W., 522; Little v. City of Newburyport, 210 Mass., 414, 96 N. E., 1032; *606 Eads v. Y. W. C. A., 325 Mo., 577, 29 S. W. (2d), 701; Young Men’s Christian Assn. v. Douglas County, 60 Neb., 642, 83 N. W., 924, 52 L. R. A., 123; Carter v. Whitcomb et al., Exrs., 74 N. H., 482, 69 A., 779, 17 L. R. A. (N. S.), 733; Hordern v. Salvation Army, 199 N. Y., 233, 92 N. E., 626, 32 L. R. A. (N. S.), 62, 139 Am. St. Rep., 889; In re Moses, 138 App. Div. (N. Y.), 525, 123 N. Y. Supp., 443; Philadelphia v. Women’s Christian Assn., 125 Pa., 572, 17 A., 475; Gibson v. Frye Institute, 137 Tenn., 452, 193 S. W., 1059, L. R. A. 1917D, 1062; Commonwealth v. Lynchburg Y. M. C. A., 115 Va., 745, 80 S. E., 589, 50 L. R. A. (N. S.), 1197; Susman v. Y. M. C A. of Seattle, 101 Wash., 487, 172 P., 554.
As we pointed out previously, since the defendant association is a charitable organization it stands on the same footing, so far as liability for torts by servants is concerned, as charitable hospitals. See Bruce v. Young Men’s Christian Assn., 51 Nev., 372, 277 P., 798; Basabo v. Salvation Army, 35 E. I., 22; Bachman v. Y. W. C. A., 179 Wis., 178, 191 N. W., 751, 30 A. L. R., 448.
Plaintiff contends, however, that the burden of proof was upon the defendant association to prove that it used due care in the selection of the swimming instructor. It is claimed that since no evidence was1 offered upon that question the defendant association failed to bring itself within the provisions of law which would exempt it from liability. In support of this position reliance is placed upon the cases of Lewis v. Y. M. C. A., 206 Cal., 115, 117, 273 P., 580, and Roberts v. Ohio Valley General Hospital, 98 W. Va., 476, 127 S. E., 318.
In somó jurisdictions the burden of proving due care in the selection of servants is placed upon the charitable organization. That rule was definitely rejected in Ohio and this court specifically refused to follow the case of Lewis v. Y. M. C. A., supra.
*607 In Lakeside Hospital v. Kovar, Admr., supra, the court held that “the burden of showing such lack of care rests upon the plaintiff,” and that “a petition failing to plead such lack of care in a hospital negligence case fails to state a cause of action and is demurrable.”
Consequently, since the defendant association set out that it was a charitable institution and that was controverted by the reply, no other issue is presented to this court for consideration. It rested upon the plaintiff to allege in her reply that due care was not used by the defendant association in selecting the instructor, and to prove that fact by a preponderance of the evidence. Inasmuch as the pleadings did not raise that issue, and there was no proof of a lack of due care when the court determined that the defendant association was a charitable institution, it was entitled to an instructed verdict in its favor.
It follows that the verdict should have been directed for the defendant and that the court properly entered judgment notwithstanding the verdict. The special finding by the jury thereby became immaterial. Under the circumstances it should not have been submitted to the jury.
For the reasons stated, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias and Zimmerman, J«T., concur.
Day, Williams and Myers, JJ., dissent.