**SANTANA et al. v. UNITED STATES.**

No. 4385.

United States Court of Appeals First Circuit.

June 10, 1949.

---

Alberto Pico, San Juan, Puerto Rico (Jorge Luis Cordova and Hernan R. Franco, on brief), San Juan, Puerto Rico, for appellants.

Melvin Richter, Attorney, Department of Justice, Washington, D. C. (H. Graham Morison, Assistant Attorney General, Washington, D. C., Francisco Ponsa Feliu, United States Attorney, San Juan, P. R., and Samuel D. Slade, Massillon M. Heuser and Francis P. Linendoll, Attorneys, Department of Justice, Washington, D. C., on brief), for appellee.

Before MAGRUDER, Chief Judge, Woodbury, Circuit Judge, and CONNOR, District Judge.

MAGRUDER, Chief Judge.

This is an appeal from an order dismissing a complaint for lack of jurisdiction over the subject matter.

The complaint was filed under the Federal Tort Claims Act, as amended, 60 Stat. 842, 61 Stat. 722[1]. It alleged that plaintiffs are the sole heirs of Manuel Rey; that Manuel Rey was a member of the armed forces of the United States during the second World War, was honorably discharged from said service, and on or about September 21, 1947, sought and obtained admission for treatment as a patient at the San Patricio Hospital operated by the Veterans Administration in Guaynabo, Puerto Rico; that Manuel Rey died on September 25, 1947, at said hospital as a result "of the failure of the employees of the United States then and there charged by their employment contracts with the duty of caring for said patient, to take any reasonable measures to care for and/or treat the said patient." Damages were claimed in the sum of $100,000.

In support of the order of the district court, the government advanced before us the following propositions:

(1) There being already in existence a comprehensive system of special statutory benefits for service-connected injuries of servicemen, Congress in enacting the Federal Tort Claims Act must have intended to exclude such claims from the coverage of the Act. Hence, despite the general language of the Act, and despite the fact that the Act itself contains twelve specific exceptions, none of which excludes servicemen as such from the benefits of the Act, nevertheless, the Act should be read as impliedly excluding claims for service-connected injuries of servicemen, in accordance with "the settled rule that courts may, on the basis of such a complete and comprehensive system of statutes pertaining to a specific subject matter, construe subsequent enactments of a general nature so as to except the specific matter." In this connection the government relied particularly upon United States v. Brooks, 4 Cir., 1948, 169 F.2d 840, in which the Court of Appeals had held that a soldier on furlough, injured while riding in a privately owned automobile on a public highway as a result of a collision with an army truck negligently operated by a civilian employee of the War Department, could not recover from the United States under the Federal Tort Claims Act.

(2) Under the provisions of 38 U.S.C.A. § 501a, a veteran who suffers injury or death as a result of treatment at a Veterans Administration hospital stands in practically the same position, as far as benefits are concerned, as a serviceman who suffers a service-connected injury, and becomes eligible for the great majority of the benefits provided by Congress under the comprehensive scheme of benefits for such servicemen.

(3) Such veterans, accordingly, fall within the rationale of the implied "servicemen" exception to the Act which the government assumed to exist, as stated in point (1) above.

At the time of the argument of the present case before us, United States v. Brooks was pending before the Supreme Court on certiorari, 335 U.S. 901, 69 S.Ct. 405. For this reason, we withheld decision to await the outcome of that case.

[1] 1948 Revised Judicial Code, 28 U.S.C.A. §§ 1346, 2671 et seq.

322

On May 16, 1949, the Supreme Court reversed the Court of Appeals in Brooks v. United States, 69 S.Ct. 918, 919. In its opinion, the Supreme Court pointed out that the Act gave jurisdiction to the district courts of any claim founded on negligence brought against the United States; that "'any claim'" could not be read to mean "'any claim but that of servicemen'"; that none of the twelve exceptions contained in the Act excluded claims of servicemen; that some of these exceptions were so "lengthy, specific, and close to the present problem" as to "make it clear to us that Congress knew what it was about when it used the term 'any claim.'" The legislative history was referred to as indicating that Congress advisedly declined to exclude members of the armed forces from the benefits of the Act. Further, the Court said—and this has direct bearing upon the argument in the case at bar: "Provisions in other statutes for disability payments to servicemen, and gratuity payments to their survivors, 38 U.S.C. § 701, 38 U.S.C.A. § 701, indicate no purpose to forbid tort actions under the Tort Claims Acts. Unlike the usual workman's compensation statute, e.g., 33 U.S.C. § 905, 33 U.S.C.A. § 905, there is nothing in the Tort Claims Act or the veterans' laws which provides for exclusiveness of remedy."

In our opinion, the decision of the Supreme Court in the Brooks case has completely undermined the arguments of the government in the case at bar. It is true, as the government points out in a supplemental memorandum, that the Supreme Court expressly reserved judgment as to claims of servicemen for injuries resulting from accidents incident to their service, citing, by way of illustration, Jefferson v. United States, D.C.Md.1948, 77 F.Supp. 706. The distinction had been referred to in the decision of the Court of Appeals in United States v. Brooks, 169 F.2d at page 845:

"We readily admit the added and greater reason for denying recovery where the injury is service-caused (the Jefferson case) than where the injury is not service-caused (the present case). It is easy to conjure up the unfortunate results, including the subversion of military discipline, if soldiers could sue the United States for injuries incurred by reason of their being in the armed service of their country. If soldiers could sue for such injuries as illness based on the alleged negligence of the company cook or mess sergeant, or if soldiers who contract sickness on wintry sentry duty had a right of action against the Government on the allegation of a negligent order given by the company commander, then the traditional grousing of the American soldier would result in the devastation of military discipline and morale."

The Court of Appeals went on to say: "We are quite unable to find in the Act anything which would justify us in holding that Congress intended to include death of, or injury to, a soldier, which was not service-caused (the instant case) and to exclude service-caused injury or death (the Jefferson case)."

In answer to the asserted "dire consequences" of a reversal of the Court of Appeals in the Brooks case, the Supreme Court, after pointing out that a wholly different case would have been presented if the accident had been incident to Brooks' service, stated: "The Government's fears may have point in reflecting congressional purpose to leave injuries incident to service where they were, despite literal language and other considerations to the contrary. The result may be so outlandish that even the factors we have mentioned would not permit recovery. But that is not the case before us."

In the case at bar Manuel Rey was not in the service at the time of the negligence complained of. He had returned to private life as a discharged veteran, and inclusion of his claim within the coverage of the Tort Claims Act would involve no problem of the "subversion of military discipline". As to the discharged veteran, there would be nothing "outlandish" in giving effect to the clear language of the Act. With respect to the remaining argument, that Congress presumably did not intend to include discharged veterans within the coverage of the Tort Claims Act, in so far as they already are covered by a "comprehensive system of special statutory benefits", the Supreme Court in its de-

cision in the Brooks case, in the language above quoted, expressly discredited that argument, even as applied to servicemen.

Therefore, the order of the District Court dismissing the complaint herein for lack of jurisdiction must be vacated, and the case remanded to the District Court for disposition on the merits; the appellants recover costs on appeal.