**BROWN  v.  UNITED STATES.**
No. 87, Docket 22826.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1953.
Decided Jan. 5, 1954.

Harry E. Kreindler, New York City, (Lee S. Kreindler, New York City, of counsel), for appellant.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of N. Y., New York City, (Milton R. Wessel, New York City, of counsel), for appellee.

Before CLARK, FRANK and HINCKS, Circuit Judges.

464

FRANK, Circuit Judge.

Admittedly, plaintiff's claim is not within any explicit exception contained in the Tort Claims Act. In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, the Court refused to read in an exception covering injuries to a serviceman, where the event causing the injury was not "incident to the service." In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 155, 95 L.Ed. 152, the Court considered three cases relative to injuries incurred while on active duty in the armed forces. In one of those cases, the injury resulted from negligence during the course of an abdominal operation; in another, death resulted from negligent medical treatment by army surgeons. The Court said: "The common fact underlying the three cases is that each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces." The Court held that, on these facts, the federal statutes expressly providing compensation for injuries of those in the armed service are exclusive "where the injuries arise out of or are in the course of activity incident to service", and that, accordingly, for such injuries there can be no recovery under the Tort Claims Act.

In the instant case, the plaintiff, while in active service, had been injured in the left knee during military operations in New Guinea. He received his discharge from the army in August 1944. Seven years later, in 1951, pursuant to his status as a veteran, an operation was performed, in a veterans' hospital, by employees of the government's Veterans Administration, on his left knee, for the purpose of preventing the leg from dislocating. Due to negligence in the course of that operation, he received a further serious injury on which he grounded his suit. Plaintiff is receiving veteran's compensation for this ·injury, under 38 U.S.C.A. § 501a.[1]

We think that these facts do not bring this case within the doctrine of Feres v. United States, since no injury of which plaintiff now complains was sustained while he "was on active duty and not on furlough." Moreover, we do not agree with the government's contention that plaintiff's claim is to be deemed merely an aggravation of his original injury and that it is therefore to be regarded just as if it had happened while he was on active duty.

The lower federal courts, in deciding similar cases, have disagreed with one another. O'Neil v. United States, D.C. Cir., 202 F.2d 366 favors the government's argument. However, it relies on Feres v. United States which, we think, not in point, and on Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L. Ed. 1051, which we also regard as inapposite since it involved an interpretation of quite different statutes.[2] Also favoring the government is Pettis v. United States, D.C., 108 F.Supp. 500.[3]

On the other hand, Santana v. United States, 1 Cir., 175 F.2d 320, and Bandy v. United States, D.C., 92 F.Supp. 360, sustain plaintiff's contention. With them we agree. It is urged that those decisions were rendered before Feres. We think that argument untenable, in the light of our interpretation of Feres.

Of course, we have not considered defenses the government may assert on the merits such as, e. g., New York decisions limiting the liability of a hospital operated as an eleemosynary institution.

Reversed.

1. It is to be noted that 38 U.S.C.A. § 501a covers compensation not only for an aggravation of an existing injury, but also for a new injury, suffered as the result of hospitalization or surgical treatment furnished under the compensation statute.

2. There the Court, referring to the Feres case, spoke of it, 343 U.S. at page 440, 72 S.Ct. at page 857, as relating to "soldiers on active duty".

3. Lewis v. United States, 89 U.S.App. D.C. 21, 190 F.2d 22, related to an injury to a member of the U. S. Park Police incurred while on active duty.