Mary C. **RUFINO**, as **Administratrix** of the **Goods, Chattels** and **Credits** which were of **Orlando J. Rufino, Deceased,** **Plaintiff,**

v.

**UNITED STATES** of America, **Defendant.**

United States District Court
S. D. New York.

Dec. 1, 1954.

Joseph Brill, New York City, Sidney L. Fishkin, New York City, of counsel, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, Philip M. Drake, Asst. U. S. Atty., New Rochelle, N. Y., of counsel, for United States of America.

McGOHEY, District Judge.

In an action brought by plaintiff under the Federal Tort Claims Act [1] as next of kin of her deceased husband for damages suffered as the result of the latter's death allegedly caused by the wrongful acts of the employees of the defendant acting within the scope of their employment, the United States moves to dismiss the complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the plaintiff has failed to state a claim upon which relief can be granted.

The amended complaint alleges three causes of action:

1. A claim for damages resulting from the negligence of defendant's employees in treating decedent;

2. A claim for damages resulting from an assault on decedent by defendant's employees;

3. A claim for damages resulting from the negligence of defendant's employees in allowing the decedent to be assaulted.

The defendant moves to dismiss the first cause of action on three grounds: first, that by express provision of 28 U.S.C. § 1346(b) the law of New York governs and a hospital in New York would not be liable for the professional acts of its medical personnel; second, that under 28 U.S.C. § 2680(a) the defendant is not responsible for a claim "based upon the exercise or performance * * * [of] a discretionary function or duty on the part of a federal agency or an employee of the Government"; third, that plaintiff has an exclusive remedy under 38 U.S.C.A. § 501a.[2]

The defendant moves to dismiss the second and third causes of action on the ground that 28 U.S.C. § 2680(h) expressly exempts the Government from liability not only for actions of assault but also for claims "arising out of assault".

First Cause of Action

28 U.S.C. § 1346(b) provides in pertinent part that:

"* * * [T]he district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

It is defendant's contention that since neither a private nor a charitable hospital in New York would be liable for the professional acts of its physicians and nurses, similarly the United States cannot be held liable under the Tort Claims Act for the professional acts of its medical personnel.

It is not at all clear that the New York doctrine urged by defendant would apply in this case. The New York Court of Appeals in the case of Phillips v. Buffalo General Hospital,[3] adopting the inde-

1. 28 U.S.C. §§ 1346(b), 2671 et seq.

2. See footnote 14 for text of this section.

3. 1924, 239 N.Y. 188, 146 N.E. 199, relying on and explaining Schloendorf v. Society of New York Hospital, 1914, 211 N. Y. 125, 105 N.E. 92, 52 L.R.A.,N.S., 505.

pendent contractor theory of a hospital's immunity—the so-called "New York Rule"—rejected former New York cases which had relied on the "implied waiver theory." The basis of the New York doctrine is that professional personnel engaged in professional pursuits in a hospital are not employees of the hospital at least while engaging in such pursuits for the reason that:

" 'Such a hospital undertakes, not to heal or attempt to heal through the agency of others but merely to supply others who will heal or attempt to heal on their own responsibility.' "[4]

■■ Although there appears to be a conflict among the circuits, there are several holdings in Circuit[5] and District Courts[6] to the effect that the provision of 28 U.S.C. § 1346(b) quoted above does not make the law of the state applicable in determining the legal relationship between the United States and its employees but rather that, that relationship having been found to exist by statute or Federal law, the law of the state determines whether the act of the employee is one upon which liability can be predicated. This being so, the New York doctrine of independent contractor is not applicable and a determination of the relationship of a physician and other workers in a Veterans' Administration hospital is to be made from the construction of the statute authorizing the establishment of such a hospital[7] and from the definition section of the Federal Tort Claims Act.[8] While 38 U.S.C.A. § 15 et seq. does not specifically state the re-

lationship, it speaks of the medical personnel as employees. Moreover the statutory definition of employee in 28 U.S. C. § 2671 reads as follows:

" 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

and seems broad enough to include regular personnel of a Government Hospital. Numerous cases have been decided in other circuits[9] where it is implicit in the result that such personnel were considered employees of the United States within the meaning of this section. Moreover since the New York rule that hospitals are relieved of liability on an independent contractor theory seems to be the minority rule in the United States, it cannot be arbitrarily assumed that the intent of Congress was to espouse that doctrine in relation to medical personnel when it established the Medical Service of the Veterans' Administration. Furthermore, even under New York law, municipal corporations are by statute[10] made primarily liable for the negligent acts of their medical personnel, so that the independent contractor theory of immunity is neither universal throughout the country nor absolute in New York.

■■ But even if the New York law should apply the defendant cannot prevail on this motion to dismiss. The mo-

4. Ibid.

5. U. S. v. Lushbough, 8 Cir., 1952, 200 F. 2d 717, 720; U. S. v. Sharpe, 4 Cir., 1951, 189 F.2d 239, 241.

6. Field v. U. S., D.C.N.D.Ill. 1952, 107 F. Supp. 401, 404; Williams v. U. S., D.C.N. D.Cal. 1952, 105 F.Supp. 208, 209; Cerri v. U. S., D.C.N.D.Cal. 1948, 80 F. Supp. 831, 833.

7. 38 U.S.C.A. § 15 et seq.

8. 28 U.S.C. § 2671.

9. Canon v. U. S., 9 Cir., 1951, 188 F.2d

444; Costley v. U. S., 5 Cir., 1950, 181 F.2d 723; Santana v. U. S., 1 Cir., 1949, 175 F.2d 320; Herring v. U. S., D.C. Colo. 1951, 98 F.Supp. 69; Dishman v. U. S., D.C.Md. 1950, 93 F.Supp. 567, 569; Jefferson v. U. S., D.C.Md. 1948, 77 F. Supp. 706. See also Brown v. U. S., 2 Cir., 1954, 209 F.2d 463, wherein the Circuit Court for this circuit refrained from passing on this question.

10. New York General Municipal Law, § 50-d, 23 McKinney's Consolidated Laws of New York, c. 24, § 50-d.

tion admits the well pleaded facts, among them that the allegedly negligent acts were performed by defendant's employees acting within the scope of their employment. Defendant contends, and it appears to be the law of New York,[11] that while the administrative acts of professional employees of a private or charitable hospital may be chargeable to the hospital under the doctrine of respondeat superior, the professional acts of such individuals may not. Obviously this raises an issue of fact which cannot be resolved on this motion.

■ In support of its second contention addressed to count one, that no relief can be "based upon the exercise or performance or failure to exercise or perform a discretionary function or duty", defendant relies on Dalehite v. U. S.[12] While it is true that the Court there said, " * * * the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities", it also based its decision on the fact that "the alleged 'negligence' does not subject the Government to liability. The decisions held culpable were all responsibly made at a planning rather than operational level". The facts here alleged seem to bring the case rather within that group of cases [13] which hold that while no claim for relief can be based on the exercise or performance of the discretionary function, once the discretion has been exercised, the employees of the United States must exercise reasonable care in pursuing the course decided upon. Here the discretion was exercised, if indeed discretion were involved at all, when it was decided to use insulin therapy. Thereafter, reasonable care was required in its use. Thus its second ground of attack is not available to defendant.

■ Defendant further claims that plaintiff has an exclusive remedy under 38 U.S.C.A. § 501a.[14] Brown v. United States [15] decided in the Circuit Court of this circuit is direct authority to the contrary.

### Second Cause of Action

■ As pleaded this must be dismissed since a cause of action for the tort of assault is specifically excluded under 28 U.S.C. § 2680(h).[16]

### Third Cause of Action

■ This does not plead a cause of action for the tort of assault but rather one based on the negligence of defendant's employees in not preventing an assault by the professional personnel. If it should be determined at trial that the physicians involved are in fact defendant's employees, then no relief may be

---

11. Ranelli v. Society of New York Hospital, 1946, 295 N.Y. 850, 67 N.E.2d 257; Dillon v. Rockaway Beach Hospital, 1940, 284 N.Y. 176, 30 N.E.2d 373.

12. 1953, 346 U.S. 15, 73 S.Ct. 956, 968, 97 L.Ed. 1427.

13. U. S. v. Gray, 10 Cir., 1952, 199 F.2d 239; Costley v. U. S., footnote 9 supra; Dishman v. U. S., footnote 9 supra.

14. "Where any veteran suffers or has suffered an injury, or an aggravation of any existing injury, as the result of hospitalization or medical or surgical treatment, awarded him under any of the laws granting monetary or other benefits to World War veterans, * * * and not the result of his misconduct, and such injury or aggravation results in addition-

al disability to or the death of such veteran, the benefits of [certain] sections of this title shall be awarded in the same manner as if such disability, aggravation, or death were service connected within the meaning of such laws * * *."

15. 1954, 209 F.2d 463. See also Santana v. U. S., 1 Cir., 1949, 175 F.2d 320.

16. "The provisions of this chapter and section 1346(b) of this title shall not apply to—
   * * * * * *
   "(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."

had under those cases [17] which hold that where an assault was in fact committed by a Government employee, the assault exception cannot be circumvented by pleading some other cause of action. However, if the professional personnel are determined to be independent contractors then the Government may be held liable for the negligent acts of other employees of the hospital acting in an administrative capacity for not preventing the assault by a non-government employee as held in Panella v. United States.[18]

The motion is granted as to second cause of action. It is denied as to first and third causes of action.

Settle order.

17. Jones v. U. S., 2 Cir., 207 F.2d 563; Moos v. U. S., D.C.Minn. 1954, 118 F. Supp. 275; see also U. S. v. Hambleton, 9 Cir., 1950, 185 F.2d 564, 23 A.L.R.2d 568.

18. 2 Cir., 216 F.2d 622.