OPINION OF THE COURT
Jack Turret, J.
This is an action wherein plaintiff, Pasquale Di Marco, was admitted in January 1985 to the Westchester County Medical Center for cardiac surgery. During the course of the surgery, he received blood transfusions. This blood was allegedly sup *60 plied by the sole defendants, herein Hudson Valley Bloou Services (Hudson Valley) and New York Blood Center (N.Y.B.C.).
From these transfusions, it is alleged that the plaintiff contracted acquired immune deficiency syndrome (AIDS). In his complaint, plaintiff alleges two causes of action against Hudson Valley and N.Y.B.C. One sounds in medical malpractice. The other is based on negligence.
Defendant’s motion seeks dismissal of the complaint based on the argument that the entire action is time barred. Defendant’s motion also sought costs and plaintiff cross-moved for costs. Both applications for costs were withdrawn.
Medical malpractice actions have a 2xA-year Statute of Limitations (CPLR 214-a). Negligence has a Statute of Limitations of three years (CPLR 214). This action was commenced on April 12, 1988. Simple arithmetic would indicate the Statute of Limitations has run as to both causes of action.
As to the medical malpractice action, plaintiff argues that the "foreign object” and "continuous treatment” exceptions apply to prevent this action from being time barred. If the action is "based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier” (CPLR 214-a).
The "continuous treatment” doctrine refers to the fact that the 2Vi years begins to run from the date of the last treatment where there has been "continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure” (CPLR 214-a).
The court rejects plaintiffs argument as to the cause of action for medical malpractice. The court finds a virus contained in the blood used in these transfusions is not what is intended as a "foreign object” (see, Sternberg v Gardstein, 120 AD2d 93, 96). More importantly, the court finds that this is not a medical malpractice action. As the court held in Twitchell v MacKay (78 AD2d 125, 127-128), "in their complaint plaintiffs have attempted to state alternative theories for recovery. Noteworthy is the fact that they also make inconsistent claims in their several causes of action, for on this appeal they argue that no physician-patient relationship existed between plaintiff Frank Twitchell and defendant MacKay. Consequently, they assert that there can be no claim for medical *61 malpractice. Pleading inconsistent or alternative causes of action is specifically permitted by statute (CPLR 3014, CPLR 3017 [a]) and there is no dispute that an action for personal injuries may be maintained, in the proper case, on the dual theories of medical malpractice or simple negligence where a person is under the care and control of a medical practitioner or a medical facility (Hale v State of New York, 53 AD2d 1025). 'To prove the negligence, in many instances, it will not be necessary to get into the realm of malpractice. Thus, the leaving of an inflammable substance spilled on sheets (Bing v. Thunig, supra); the application of a scalding hot water bottle to a patient (Phillips v. Buffalo Gen. Hosp., 239 N. Y. 188); and electric light left negligently under the sheets by an attendant (Dillon v. Rockaway Beach Hosp., 284 N. Y. 176); failure to have sideboards placed on the bed (Lee v. Glens Falls Hosp., 265 App. Div. 607; Ranelli v. Society of N. Y. Hosp., 269 App. Div. 906); a mistakenly administered blood transfusion (Necolayff v. Genesee Hosp., 270 App. Div. 648); and a mistaken dispensing of drugs and medicines to patients (Volk v. City of New York, 284 N. Y. 279) are all cases of negligence easily discernible by a jury on common knowledge.’ (Morwin v. Albany Hosp., 7 AD2d 582, 584-585.) Malpractice of course is negligence but the jury must usually be presented with evidence educed from the testimony of conflicting experts (McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20; Hale v State of New York, supra; Morwin v Albany Hosp., supra). Thus the test becomes one of whether the case involves a matter of science or art requiring special knowledge or skill not ordinarily possessed by the average person (PJI 1:90) or is one where the common everyday experiences of the trier of the facts is sufficient in order to reach the proper conclusion. In the former, expert opinion testimony is ordinarily required to aid the trier of the facts; in the latter it is unnecessary” (emphasis added).
In the instant case, the court finds on the facts offered herein that no physician-patient relationship existed between the plaintiff and the defendants. As such, the "continuous treatment” doctrine is not applicable herein.
For further argument that "bad blood” allegedly supplied by blood centers lies in negligence, the court offers the analogy of two cases concerning transmission of serus hepatitis through blood transfusion (Steinik v Doctors Hosp., 82 Misc 2d 97; Carter v Inter-Faith Hosp., 60 Misc 2d 733; see also, Annotation, Liability of Blood Supplier or Donor for Injury or *62 Death Resulting from Blood Transfusion, 24 ALR2d 508, and cases cited therein).
Having held this to be an action that lies in negligence, this court rejects plaintiffs argument that CPLR 214-c is applicable to prevent this action from being time barred. That section allows the three-year Statute of Limitations to commence from the date of discovery of the injury (CPLR 214-c). It was enacted "to establish a new statute of limitations running from the point of discovery for damages caused by the latent effects of exposure to certain toxic substances or materials” (mem of Off of Ct Admin, reprinted in 1984 McKinney’s Session Laws of NY, at 3392). The plain language definition of "toxic” is "1. of, relating to, or caused by a poison or toxin 2. affected by a poison or toxin 3. poisonous” (Webster’s New Collegiate Dictionary [1973 ed]). The court finds AIDS, a virus/disease, does not fall within the ambit of a "toxic” substance exception created by CPLR 214-c. It is not within the court’s providence to so extend this statute. That is for the Legislature.
Accordingly, defendant’s motion is granted, and plaintiff’s complaint is dismissed as barred.